Mike William **ZABOROWSKI**, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 16876.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 15, 1967.

Rehearing Denied Jan. 12, 1968.

—◆—

Guy H. McNeely, Wichita Falls, for appellant.

Stanley C. Kirk, Dist. Atty., Wichita Falls, for appellee.

## OPINION

MASSEY, Chief Justice.

The appeal is from the suspension of the Texas Motor Vehicle Operator's License of Mike William Zaborowski. Suspension was for a period of one year upon the adjudication that Mr. Zaborowski was an habitual negligent driver. Trial was before the court without intervention of a jury.

The single point of error presented is as follows: "The evidence is wholly insufficient to sustain a finding that the Appellant is an habitual negligent driver." Whether the point presented asserts that there was "no evidence" or was "the finding made was against the great weight and preponderance of the evidence" it is in our opinion without merit and is overruled.

Appellant's theory is that though the evidence introduced against him by way of proof of convictions of violations of the Act might have justified the suspension of his license had the Texas Department of Public Safety sought such under Vernon's Ann.Civ.St. Art. 6687b, Art. IV, Sec. 22, "Authority of Department to suspend or revoke a license", subsection (b)4 as "an habitual violator of the traffic law", in view of the provision under the subsection that an "habitual violator" shall mean any person with four (4) or more convictions for moving violations of traffic laws arising out of different transactions in a consecutive period of twelve (12) months, or seven (7) or more such convictions arising out of different transactions within a period of twenty-four (24) months,—such proof should not be given consideration in a case where the suspension of license is sought under subsection (b)3. Subsection (b)3 provides for the authority of suspension when after proper hearing it is determined that the licensee "is an habitual reckless or negligent driver of a motor vehicle". It was under such subsection that antecedent proceedings culminated in the judgment from which the appeal was perfected.

Oral evidence was introduced in behalf of the appellant from persons having occasion to observe his driving care and ability. This evidence was to the effect that he was not an habitual reckless or negligent driver of a motor vehicle. The appellant did not impeach the record of moving traffic violations which was introduced against him as transactions which resulted in convictions (or their legal equivalent). Such record was substantially the whole of the evidence tendered in support of the suspension sought by the Department. Therefrom it is observable that the violations of the appellant did not exactly fit the usual suspension proceedings under subsection (b)4, for they were so spaced that the transactions out of which they arose did not number as many as four in twelve months nor as many as seven in twenty-four months. However, the type of transactions evidenced the propensity of the appellant not only to such character of violations, but additionally that such violations often resulted in motor vehicle accidents. In other words, we hold that the certificate introduced against the appellant was legal evidence properly received by the court and also amounted to evidence of sufficient probative force and effect to support the fact finding made.

Furthermore, we hold that the court's finding in support of the judgment of suspension was not against the great weight and preponderance of the evidence.

Judgment is affirmed.