CITY OF WEBSTER, et al., Appellants,

v.

SIGNAD, INC., Appellee.

No. 01–84–0354–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 21, 1984.

Rehearing Denied Dec. 31, 1984.

C. Charles Dippel, Sears & Burns, Houston, for appellants.

Richard L. Rothfelder, William L. Van Fleet, Ryan & Shoss, Houston, for appellee.

Before DOYLE, DUGGAN and LEVY, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a summary judgment declaring a portion of a city sign ordinance unconstitutional. The ordinance in question was the basis of the city's refusal to allow a sign company to repair six hurricane-damaged billboards.

Appellee, SignAd, Inc., owns a number of billboard signs within the jurisdiction of the appellant City of Webster, all of which were erected prior to the passage of the city's sign ordinance and were permitted as non-conforming signs under the ordinance's "grandfather" clause. When seven of appellee's signs were damaged by Hurricane Alicia on August 18, 1983, appellee voluntarily removed one which was severely damaged, and sought to repair the remaining six. Upon advice by city officials that a permit would be required, SignAd made its written request to appellant S.I. Velez, Webster's City Engineer, for such permits as were necessary. The appellant city engineer replied by letter that, since the storm had blown down or destroyed "substantial parts" of the signs, their reconstruction was forbidden. He based his decision on sections H(2) and D(2) of section 10, chapter 3, of the Building Regulations of the Webster City Code of Ordinances (the "Sign Ordinance"). The last sentence of section H(2) reads as follows:

> When any outdoor advertising sign, billboard, spectacular sign, business sign, or business directory sign which would be unlawful or non-conforming hereun-

der, but for the fact that such sign was lawfully in existence on the date of passage of this section, or *any substantial parts thereof* is blown down or destroyed or taken down or removed for any purpose other than routine maintenance operations or for changing the lettering, symbols, or other matter on such signs, it shall not be reerected, reconstructed, rebuilt, or relocated except in conformity with the provisions of this section. (Emphasis added).

Section D(2) forbids the construction or emplacement of new billboards within the city. The city engineer denied the permits, deemed the damaged billboards to be in an unsafe condition, and ordered their removal.

Appellee appealed this ruling to the Webster City Council, which upheld the city engineer's decision. Appellee then filed suit in the district court seeking: (1) a declaratory judgment that it had complied with the sign ordinance, or that the quoted last sentence of section H(2) is unconstitutional; (2) a mandatory injunction requiring appellants to take any action necessary to allow appellee to repair and operate its signs; (3) a writ of mandamus to issue repair permits; (4) actual and punitive damages; and (5) attorney's fees. Following appellants' answer, both sides filed motions for summary judgment, and the court denied appellants' motion and granted that of appellee, finding that:

(1) The terms "substantial parts thereof" contained in the last sentence of Section H(2) ... violates the due process provisions of the Texas and United States Constitutions because such terms are so vague that they fail to give fair and adequate notice of what is permitted or prohibited, and they necessitate the use of unbridled discretion of the Webster City Engineer in interpretation and application.

(2) Alternatively, Sections H(2) and D(2) of the Sign Ordinance, which were relied upon by Defendants in prohibiting the repair of the subject Signs, do not regulate the mere repair of signs and are therefore inapplicable to the facts in this case.

Pursuant to Tex.Rev.Civ.Stat.Ann. art. 2524-1 (Vernon 1965), the court decreed that the quoted last sentence of section H(2) was unconstitutional and void, granted appellee permission to repair immediately and renew operations of its damaged signs, and permanently enjoined the appellants from interfering in any way with appellee's repair and operation of its six signs in question. The court ordered severance of the summary judgment and retained jurisdiction over the damages of phase of the action.

In two points of error, the appellants City and City Engineer assert that the trial court erred in granting appellee's motion for summary judgment and in denying appellants' motion for summary judgment.

■■■ A statute or ordinance is violative of due process and fatally vague when persons regulated by it are exposed to some risk or detriment without fair warning of the nature of the proscribed conduct. *Texas Liquor Control Board v. The Attic Club, Inc.*, 457 S.W.2d 41, 45 (Tex.1970). When persons of common intelligence are compelled to guess at a law's meaning and applicability, due process is violated and the law is invalid. *Texas Antiquities Committee v. Dallas County Community College District*, 554 S.W.2d 924, 928 (Tex. 1977) (holding the term "of historical interest" to be unconstitutionally vague).

■■■ We agree with the general principles and authorities appellant cites holding that regulatory statutes governing business activity are allowed greated leeway than is allowed criminal statutes in applying the "fair notice" test; that no more than "a reasonable degree of certainty can be demanded"; and that "statutes are not automatically invalidated as vague simply because difficulty is found in determining whether marginal offenses fall within their language." *Pennington v. Singleton*, 606 S.W.2d 682, 689 (Tex.1980). We also agree that, as stated in *Sproles v. Binford*, 286 U.S. 374, 393, 52 S.Ct. 581, 587, 76 L.Ed. 1167 (1932):

The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding.

However, the Webster ordinance sets out neither a definition of "substantial parts" of a sign nor an objective standard by which damage to "substantial parts thereof" can be measured.

Significantly, the appellant City does use objective standards in similar circumstances in two other parts of its building regulations. The term "substantial improvement" is defined in section E(17) of the appellant City's Flood Damage Prevention Regulations as follows:

Substantial improvement means any repair, reconstruction, or improvement of a structure, the cost of which equals or exceeds fifty percent (50%) of the market value of the structure either before the improvement or repair has started or if the structure has been damaged and is being restored, before the damage occurred.

In section 101.4a of the Building Code, "[R]epairs costing in excess of fifty percent (50%) of the then physical value of the building" are required to conform to code requirements for new buildings. By such use of specific cost percentages and reference to replacement and repair cost, the two sections give concrete meaning to the term "substantial."

Although appellants urge that the recent federal decision in *Sign Supplies of Texas, Inc. v. McConn,* 517 F.Supp. 778 (S.D.Tex. 1980), is persuasive in showing that the term "substantial parts" is not unconstitutionally vague, that opinion does not address the quoted term directly. The words "primary," "primarily," "not usually," and "easily moved," none of which were defined in the Houston ordinance being examined in that opinion, were held not unconstitutionally vague. However, appellants' references to complaints made by the *Sign Supplies* plaintiff about the term "substantial parts" appear only in that litigant's pleadings and brief, and not in the court's opinion.

*Sanders v. State Department of Public Welfare,* 472 S.W.2d 179 (Tex.Civ.App.— Corpus Christi 1971, writ dism'd w.o.j.), dealt with a situation comparable to that before us when it examined the constitutionality of Department of Public Welfare regulations relating to eligibility for old age assistance. In determining that eligibility, an applicant's financial status was to be measured in part by his savings and his outstanding debts. The regulations governing that determination provided:

Mere verbal allegations of an old, informal debt to relatives, however, cannot be considered as justifying a transfer [of assets] to such relatives.

Both the terms "old," and "informal" were found to violate due process requirements. In examining the word "old," the court stated:

It is probable that one officer of the State Welfare Department might believe that a one-year old debt was an old one. Another in the same position might use five years [as his standard], still another, ten.

*Id.* at 182. The court concluded that the terms of the regulation were "so vague, indefinite and uncertain that men of common intelligence must guess at their meaning." *Id.* at 183.

We find that section H(2) of the Webster sign ordinance, in its reference to damage to "substantial parts" of a sign, suffers from a similar infirmity. The fact that the words "substantial parts" are terms of common speech does not make them per se explanatory or descriptive in a due process sense when they are examined in the context of an inquiry as to what are allowable and forbidden sign repairs. Parts of a sign may be simultaneously "substantial" and "insubstantial" depending on whether the test used is economic, physical, or functional. If an economic test is used, how expensive must a repair be to rise to the level of "substantial"? If a sign is valued at $30,000, is $1,000 in damage "substantial"? If a physical test is con-

sidered, is damage to one pole of a five-pole sign "substantial"? Should "substantial parts" of the sign include other than structural parts? Section B(15) of the Ordinance defines a "sign structure" as "the support, uprights, bracing, and framework of any outdoor advertising sign"; sign panels, readily movable and changeable, are not defined as a part of the sign structure. Is damage to one or more sign panels therefore to be considered as damage to a "substantial" part of the sign? A sign with broken or inoperative lights is not functional during nighttime hours, although the cost of repairs is small in comparison with the sign's total cost. From a functional perspective, the lights are "substantial parts" of the sign, while from a cost perspective they are not. The same ambiguity arises in numerous similar practical considerations. The potential for ambiguity is shown in the appellant city engineer's testimony. He testified that he considered panels alone to be "substantial parts" of the sign, although they are not defined as part of the "sign structure." He also stated that he gave no consideration to the dollar amounts of damage in determining the substantiality of damage. In the absence of additional guidelines, each successive city engineer must select his own standard for determining what is a "substantial part" of a sign. Operators of outdoor advertising signs receive no fair and adequate notice from section H(2) of the Ordinance as to what sign repairs are permitted or prohibited.

■ Because persons of common intelligence are left to guess at the meaning of that portion of the Ordinance, we hold the final sentence of section H(2) is invalid. *Texas Antiquities,* 554 S.W.2d at 928. Actions based on an invalid section of an ordinance are void and unenforceable. *Newsom v. Starkey,* 572 S.W.2d 29 (Tex. Civ.App.—Dallas 1978, no writ). The legal basis for the appellants' action in prohibiting the repair of appellee's signs was therefore unsound and appellee was entitled to summary judgment.

Appellants' points of error are overruled. The judgment of the trial court is affirmed.

DOYLE, J., dissents.

DOYLE, Justice, dissenting.

I find the trial court erred in granting summary judgment and must therefore respectfully dissent.

The trial court stated two bases for granting appellee's motion for summary judgment. It first found the city ordinance unconstitutionally vague. The majority bases its opinion on its agreement with this finding.

It is well established that laws enacted by legislative bodies are presumed to be valid and that the burden of proof is on the party challenging their constitutionality. *Robinson v. Hill,* 507 S.W.2d 521 (Tex. 1974); *Smith v. Craddick,* 471 S.W.2d 375 (Tex.1971). An allowance for some latitude in interpretation does not render a statute unconstitutionally vague. *See Powers v. State,* 543 S.W.2d 194 (Tex.Civ.App.—Waco 1976), *aff'd,* 556 S.W.2d 567 (Tex.1977) (civil commitment measured by the patient's welfare and protection or the protection of others); *D____ F____ v. State,* 525 S.W.2d 933 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.) (termination of parental rights determined by the best interest of the child); *Houston Compressed Steel Corp. v. State,* 456 S.W.2d 768 (Tex. Civ.App.—Houston [1st Dist.] 1970, no writ) (air pollution defined as presence in the atmosphere of contaminants in such concentration and of such duration as may tend to be injurious or adversely affect human health or welfare). Given the "untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government," statutes regulating business activities satisfy due process requirements if their meaning is defined with a reasonable degree of certainty. *Pennington v. Singleton,* 606 S.W.2d 682, 689 (Tex.1980).

The majority finds the phrase "substantial parts" is impermissibly vague. I am of the opposite opinion. Both words are in

common usage and are well understood. The word "substantial" is recognized and applied as a standard of measurement in our jurisprudence. *See, e.g., Lewis v. Metropolitan Savings & Loan Ass'n*, 550 S.W.2d 11 (Tex.1977) (substantial evidence); *Warren v. Denison*, 563 S.W.2d 299 (Tex. Civ.App.—Amarillo 1978, no writ) (substantial performance). Although the ordinance might have been clarified by further definition of the phrase "substantial parts," this fact does not render the ordinance unconstitutionally vague. *See Harper v. Lindsay*, 616 F.2d 849 (5th Cir.1980).

Unlike the majority, I find *Sign Supplies of Texas, Inc. v. McConn*, 517 F.Supp. 778 (S.D.Tex.1980) persuasive authority for the proper disposition of this case. *Sign Supplies* dealt with challenges to a Houston sign ordinance. Among other complaints, the plaintiffs contended the terms "primary," "primarily," "not usually," and "not easily moved," which were used in defining portable signs, were unconstitutionally vague. The court found that, in the context of the ordinance as a whole, these terms were not so vague as to fail to give notice of the ordinance's legal requirements to a person of ordinary intelligence.

I reach the same conclusion in the instant case. I find that the phrase "substantial parts" does not vest the city engineer with unbridled discretion, but rather sets out a reasonable guideline for regulating the repair of billboard signs. I conclude that the district court erred in holding the applicable ordinance unconstitutional and in granting summary judgment on this basis.

The court's second basis for granting summary judgment was that the ordinance which forbids the reconstruction of signs that suffered substantial destruction did not apply to the facts of the instant case.

The ordinance provides that a sign shall not be reerected, reconstructed, or rebuilt if substantial parts have been blown down or destroyed. I must disagree with the trial court's view that the prohibition against reerection, reconstruction, and rebuilding does not forbid "repairs." The breadth of the language used in the ordinance manifests an intent to forbid the refurbishment of signs which have suffered substantial damage. The name given that corrective activity is irrelevant. The court's finding that the ordinance does not apply to the instant case is thus correct only if the summary judgment evidence established that the damage to the signs was insubstantial as a matter of law. In examining this issue, we must accept the appellant's evidence as true and resolve all doubts regarding the existence of genuine fact issues in favor of the losing party. *E.g., Le Blanc v. Maryland American General Insurance Co.*, 601 S.W.2d 750 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). The affidavit of the city engineer made the following assessment of the damage to appellee's signs:

(a) 1503 FM 528 West of I–45 (Bay Area Jewelers): Seventy-five (75%) percent of the panels were blown down; two support poles snapped; one pole is leaning; all electrical is gone.

(b) 1014 West Nasa Road 1 at IH–45 (General Homes): Four poles are leaning; stringers damaged, fifty (50%) percent of the panels are blown down; all electrical needs replacement.

(c) West Nasa Road 1 East of IH–45 (InterFirst Bank): Of seven support poles, at least three poles are leaning; forty (40%) percent of the panels are blown down; some stringers are blown down; all electrical needs replacement.

(d) 20118 Gulf Freeway at Nasa Road 1 (U.S. Homes): A few poles are leaning; all panels are blown down; all electrical needs replacement.

(e) 20001 Gulf Freeway South of Bay Area Blvd. (InterFirst Bank): A few poles are leaning; sixty (60%) percent of the panels and some stringers are blown down.

(f) 20234 Gulf Freeway at Nasa Road 1 (General Homes): Fifty (50%) percent of the panels, the electrical and part of the walkway are blown down.

All of the parts blown down were substantial. Where poles are leaning, the ground support around the poles is such that removal and replacement of the poles is required in order to withstand wind loads upon the signs.

I find this evidence is sufficient to raise fact questions regarding whether substantial parts of appellee's signs were destroyed. I therefore conclude that the court erred in granting summary judgment on the basis that the ordinance does not apply to the facts of this case.

Neither of the grounds relied upon by the trial court supports its grant of appellee's motion for summary judgment. I would sustain appellant's first point of error and remand the case to the trial court for determination of what I find to be the unresolved fact questions of whether appellee's signs suffered substantial damage.