Michael RAITANO, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 01–90–00096–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 1, 1993.

Rehearing Denied Sept. 16, 1993.

James E. Walker, Jr., Houston, for appellant.

Cedric K. Loeb, Houston, for appellee.

Before DUGGAN, DUNN and O'CONNOR, JJ.

## OPINION

DUGGAN, Justice.

The trial court found appellant, Michael Raitano, to be an "habitual reckless or negligent driver," under TEX.REV.CIV.STAT.ANN. art. 6687b, § 22(b)(3) (Vernon Supp.1993), and suspended appellant's driver's license for one year. In four points of error, he appeals the suspension.

In his first point of error, appellant argues that art. 6687b, § 22(b)(3) is unconstitutionally vague in that it fails to define what constitutes an "habitually reckless or negligent driver of a motor vehicle." Appellant timely filed a pretrial motion to quash the suspension action, asserting that TEX.REV.CIV.STAT. ANN. art. 6687b, § 22(b)(3), is unconstitutionally vague. The court denied appellant's motion. Because appellant cites only United States Supreme Court opinions, we interpret this to be an attack based solely on the fourteenth amendment to the United States Constitution.

When addressing a challenge to the constitutionality of a statute, we presume that the statute is valid and that the legislature did not act arbitrarily in enacting it. *Robinson v. Hill,* 507 S.W.2d 521, 524 (Tex. 1974); *Wishnow v. Texas Alcoholic Beverage. Com'n,* 757 S.W.2d 404, 406 (Tex.App.—Houston [14th Dist.] 1988, writ denied). The party challenging the statute has the burden to establish its unconstitutionality. *Id.*

When addressing a challenge to the vagueness of a statute, the appellate court must first determine whether the statute is vague as applied to the appellant's conduct in

the instant case. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982); *Byrum v. State*, 762 S.W.2d 685, 687 (Tex.App.—Houston [14th Dist.] 1988, no pet.). If the statute is impermissibly vague as applied to the conduct of appellant in the instant case, then we will address the "facial challenge" to the vagueness of the statute. Such a challenge is successful only if the statute is impermissibly vague in all of its applications, *Village of Hoffman Estates*, 455 U.S. at 495, 102 S.Ct. at 1191, and is a claim that the law is "invalid *in toto*—and therefore incapable of any valid application." *Id.*, 455 U.S. at 494 n. 5, 102 S.Ct. at 1191 n. 5 (quoting *Steffel v. Thompson*, 415 U.S. 452, 474, 94 S.Ct. 1209, 1223, 39 L.Ed.2d 505 (1974)).

### Vagueness standard

 A statute is fatally vague when persons regulated by it are exposed to some risk or detriment without fair warning of the nature of the proscribed conduct. *Texas Liquor Control Bd. v. Attic Club, Inc.*, 457 S.W.2d 41, 45 (Tex.1970); *City of Webster v. Signad, Inc.*, 682 S.W.2d 644, 646 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). A due process violation occurs only when a required course of conduct is stated in terms so vague that people of common intelligence must guess at what is required. *Id; see Village of Hoffman Estates*, 455 U.S. at 498, 102 S.Ct. at 1193 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972)); *see also Pennington v. Singleton*, 606 S.W.2d 682, 689 (Tex.1980) ("[t]he statute should 'convey sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'") (construing the Texas Deceptive Trade Practices Act and quoting *United States v. Petrillo*, 332 U.S. 1, 7–8, 67 S.Ct. 1538, 1541–42, 91 L.Ed. 1877 (1947)).

### No mechanical application

 This test is not mechanically applied. *Village of Hoffman Estates*, 455 U.S. at 498, 102 S.Ct. at 1193. Statutes that do not impose criminal penalties and those that do not threaten to inhibit the exercise of constitutionally protected rights are subject to a less strict vagueness test. *Id.* at 498–99, 102 S.Ct. at 1193–94; *see Pennington*, 606 S.W.2d at 689; *Signad, Inc.*, 682 S.W.2d at 646. Only a reasonable degree of certainty is required, and a statute is not vague merely because it is difficult to determine whether marginal offenses fall within its language. *Pennington*, 606 S.W.2d at 689; *Signad, Inc.*, 682 S.W.2d at 646. The reasonable certainty requirement "'does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding.'" *Signad, Inc.*, 682 S.W.2d at 646–47 (quoting *Sproles v. Binford*, 286 U.S. 374, 393, 52 S.Ct. 581, 586, 76 L.Ed. 1167 (1932)).

### Article 6687b is not a criminal statute

 Article 6687b is not a criminal statute nor does it regulate a constitutionally protected right. The Texas Supreme Court has interpreted article 6687b, § 22(b)(3) to be a regulatory rather than a criminal statute:

[I]t should be made abundantly clear that in [interpreting article 6687b] we are not concerned with criminal penalties but rather with an administrative and regulative power vested in the Texas Department of Public Safety which power has for its purpose the protection of the lives and property of those using the highways. A driver's license is not suspended for the purpose of visiting additional punishment upon an offender but in order to protect the public against incompetent and careless drivers.

*Texas Dep't of Pub. Safety v. Richardson*, 384 S.W.2d 128, 132 (Tex.1964). Further, driving is not a constitutionally protected right, but a privilege. *Texas Dept. of Public Safety v. Schaejbe*, 687 S.W.2d 727, 728 (Tex. 1985). In fact, there is no right to appeal from a license suspension proceeding absent statutory authorization. *Id.* Because article 6687b is neither a criminal statute nor threatens the exercise of a constitutionally protected right, more vagueness is tolerated. *Village of Hoffman Estates*, 455 U.S. at 498–99, 102 S.Ct. at 1193–94.

 Appellant first contends that the statute is vague because it provides no defini-

tion of "habitually." Article 6687b, section 1 provides that "[w]ords and phrases which are defined neither in this Act nor in the Uniform Act Regulating Traffic on Highways shall be read in context and construed according to the rules of grammar and common usage." TEX.REV.CIV.STAT.ANN. art. 6687b, § 1 (Vernon Supp.1993). The code construction act contains a similar provision. TEX. GOV'T CODE ANN. § 311.011 (Vernon 1988). "Habitually" and "negligent" are not defined in article 6687b or the Uniform Act Regulating Traffic on Highways. Thus, we must determine whether "habitually" and "negligent" construed in accordance with common usage provided appellant with fair warning of the nature of the proscribed conduct.[1]

"Habitual" is defined as "having the nature of a habit; being in accordance with habit: CUSTOMARY ... doing, practicing, or acting in some manner by force of habit ... resorted to on a regular basis...." The applicable definition of "habit" is "a settled tendency or usual manner of behavior." "Customary" is defined as "based on or established by custom ..." and "commonly practiced, used, or observed." Webster's New Collegiate Dictionary (9th ed. 1985). Appellant argues that the statute is vague because it does not specify the number of violations and the time within which the violations must occur for his conduct to be "habitual."

The trial court concluded that appellant was an habitually reckless or negligent driver and found that the appellant had been convicted of the following traffic violations.

### MOVING VIOLATIONS

| Final conviction date | Offense |
| --- | --- |
| October 21, 1983 | DWI |
| February 13, 1984 | Speeding |
| October 29, 1984 | Ran Stop Sign |
| September 11, 1985 | Driving on wrong side of street |
| January 8, 1985 | Speeding |
| September 11, 1985 | Ran red light |
| May 6, 1986 | Speeding |
| April 23, 1986 | Speeding |
| December 11, 1986 | Speeding |
| December 11, 1986 | Speeding |
| February 19, 1986 | Ran Red light |
| December 11, 1986 | Speeding |
| December 11, 1986 | Ran Red light |
| December 11, 1986 | Speeding |
| February 5, 1987 | Speeding |
| March 21, 1987 | Ran Red Light |
| February 5, 1987 | Illegal Pass on Right |
| February 5, 1987 | Speeding |
| March 10, 1987 | Speeding |
| February 5, 1987 | Ran Red Light |
| February 12, 1988 | Failure to drive in designated lane |
| February 12, 1988 | Speeding |
| February 12, 1988 | Speeding |
| February 12, 1988 | Speeding |
| February 12, 1988 | Failure to drive in designated lane |
| February 12, 1988 | Speeding |
| February 12, 1988 | Ran Red Light |
| February 12, 1988 | Ran Red Light |
| February 12, 1988 | Ran Red Light |
| February 12, 1988 | Ran Red Light |
| February 16, 1988 | Improper turn from wrong lane |

Assuming that each conviction is an incident of negligent driving, they are sufficient to show that appellant is a "habitually" negligent driver. During 1986 through 1988, appellant averaged over eight traffic violation convictions per year. Clearly, this large number of violations of the traffic laws indicates appellant's "settled tendency" to drive negligently and that driving negligently is "common practiced" by appellant. Further, appellant could refer to article 6687b, section 22(b)(4) for guidance in determining what the Legislature considers the meaning of "habitual" to be. Section 22(b)(4) provides that a license may be suspended if the person is a "habitual violator" of the traffic law. It defines this term as

> any person with four (4) or more convictions arising out of different transactions in a consecutive period of twelve (12) months, or seven (7) or more convictions arising out of different transactions within a period of twenty-four (24) months....

TEX.REV.CIV.STAT.ANN. art. 6687b, § 22(b)(4) (Vernon Supp.1993).

Although appellant's license was not suspended under this provision, he could determine generally the number of traffic convictions during specific periods of time that the Legislature considers to constitute "habitual." From 1986 to 1988, appellant had 25

---

1. Because appellant was found to be an habitually reckless *or* negligent driver, we need not address whether the term "reckless" is vague.

convictions, a number well in excess of what the Legislature considered to be "habitual" in section 22(b)(4).

The common usage of "habitually" provided appellant with fair warning that 25 convictions over a three-year period was proscribed conduct. Additionally, the appellant could have looked to section 22(b)(4) for guidance concerning the meaning of "habitual." As applied to the facts of appellant's case, the term "habitually" is not vague.

■ Appellant also contends that the term "negligent" is vague. "Negligent" is defined as "marked by or given to neglect especially habitually or culpably: not taking prudent care ... marked by a carelessly easy manner." Webster's New Collegiate Dictionary (9th ed. 1985). Clearly, an average of over eight convictions for traffic violations per year over three years indicates that appellant does not exercise prudent care. As applied to appellant's case, the term "negligent" is not vague.

We overrule point of error one.

■ In his third point of error, appellant contends that his 15 convictions for speeding are not evidence of negligence and, therefore, they could not be used as a basis for the trial court to find him to be a habitually reckless or negligent driver. He contends that "the mere fact of a speeding conviction does not imply negligence in the operation of a motor vehicle." He relies upon TEX.REV.CIV.STAT. ANN. art. 6701d, § 171(b) (Vernon 1977) and *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 631–32 (Tex.1986) to support this contention. Article 6701d, § 171(b) provides:

> The provisions of this Act declaring maximum or minimum speed limitations shall not be construed to relieve the plaintiff in any action from the burden of proving negligence on the part of the defendant as the proximate cause of an accident.

The Texas Department of Public Safety is not attempting to prove that appellant's speeding violations were the proximate cause of any accident; therefore, this provision is not applicable to this case.

In *Pool,* a case involving a motor vehicle accident, the supreme court concluded that the court of appeals erred in concluding that the jury's "failure to find no contributory negligence" was against the great weight and preponderance of the evidence. The court of appeals had treated the statutory violation of the speed limit as negligence per se. The supreme court, relying on section 171(b) stated, "[A] finding of speed in violation of the statutory limit is incomplete *in a tort action* when it does not include a finding of negligence." 715 S.W.2d at 631 (emphasis added). The court held that "the court of appeals erred in treating the statutory violation of the speed limit as negligence per se." *Id.* at 632 (emphasis added). Thus, "negligence per se" is a tort concept, *Moughon v. Wolf,* 576 S.W.2d 603, 604 (Tex.1978), and is not applicable to this case.

We note that there is no similar statutory restriction which prevents the statutory violation of the speed limit from being considered as evidence of negligence in a proceeding to suspend a driver's license under article 6687b, section 22(b)(3). In fact, the legislature has declared in the statute regulating maximum speeds that "any speed in excess of the limits specified in this Section or established as hereinafter authorized shall be *prima facie evidence that the speed is not reasonable or prudent* and that it is unlawful." TEX.REV.CIV.STAT.ANN. art. 6701d, § 166(a) (Vernon 1977) (emphasis added). A conviction for speeding is a judicial determination that an established speed limit has been exceeded. Thus, it is evidence that the speed was not reasonable or prudent, i.e., is negligent. Further, in *Zaborowski v. Texas Dep't of Pub. Safety,* 422 S.W.2d 836, 837 (Tex.Civ.App.—Fort Worth 1967, writ ref'd n.r.e.), the Court considered the appellant's record of moving violations, the only evidence of recklessness or negligence, in affirming the judgment suspending appellant's license because he was a habitual reckless or negligent driver.

We overrule point of error three.

■ Appellant argues in his second point of error that the Texas Department of Public Safety did not present sufficient evidence to show that the appellant is an habitual reckless or negligent driver. In his argument, appellant included references to facts in the

record, but failed to cite any authority showing the appellee's burden of proof at trial or the sufficiency standard to be applied on appeal. TEX.R.APP.P. 74(f).

Although courts generally construe the briefing rules liberally, a point of error unsupported by the citation of authority presents nothing for this Court to review. *Henry S. Miller Management Corp. v. Houston State Assocs.*, 792 S.W.2d 128, 132 (Tex. App.—Houston [1st Dist.] 1990, writ denied); *BLS Limousine Serv., Inc. v. Buslease, Inc.*, 680 S.W.2d 543, 547 (Tex.App.—Dallas 1984, writ denied). The Court does not represent the appellant and has no duty to search for pertinent authority. *See Houston State Assocs.*, 792 S.W.2d at 132. Thus, the failure to cite any authority constitutes a waiver of the alleged error. *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 810 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.).

We overrule appellant's second point of error.

In appellant's fourth point of error, he argues that the trial court erred in considering evidence of appellant's involvement in eight auto accidents as evidence of his being an habitual reckless or negligent driver. Appellant once again referenced pertinent facts found in the transcript. However, appellant failed to meet the second requirement of rule 74(f) by failing to cite authority showing that testimony concerning these accidents cannot constitute evidence of appellant's negligence; therefore, the alleged error is waived. *Houston State Assocs.*, 792 S.W.2d at 132; *Texaco, Inc.*, 729 S.W.2d at 810.

We overrule point of error four and affirm the judgment.