TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-95-00530-CR








Ex Parte: Steven Longuil, Appellant









FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 443-070, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING 








 Appeal is taken from the trial court's denial of habeas corpus relief. Appellant
contends that the trial court erred in holding that an administrative driver's license suspension is
not punishment so as to bar further prosecution for the same offense. We will affirm.

 A stipulation of facts reflects: (1) on December 3, 1994, appellant was arrested
for the offense of driving while intoxicated (DWI) and refused to submit to a breath test at the
request of the arresting officer; (2) appellant was subsequently notified that his driving privileges
would be suspended pursuant to Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b); (3) appellant requested
a hearing on the suspension; (4) appellant was notified that a hearing would be held on April 5,
1995 and that, at that hearing, the Department of Public Safety (DPS) intended to prove that there
was probable cause to believe that appellant was driving while intoxicated and following arrest
refused to submit to a breath test; (5) the State did, in fact, offer evidence at the hearing in
accordance with its expressed intention set forth in the notice; and (6) upon conclusion of the
hearing, an order was entered suspending appellant's driver's license for a period of ninety days. 
Findings were made that on the day of the offense probable cause existed to believe that appellant
was driving while intoxicated and that, after being arrested, appellant refused to submit a breath
specimen after a request had been made by the arresting officer.

 The pertinent provision in the Double Jeopardy Clause protects an accused from
multiple punishment for the same offense. United States v. Halper, 490 U.S. 435, 440 (1989). 
The issue before us is whether the forfeiture of an appellant's driver's license for ninety days
constituted "punishment." This Court has recently held that suspension of driver's license is not
punishment so as to bar prosecution for the same DWI offense. See Ex parte Arnold, No. 03-95-00520-CR, slip op. at 8 (Tex. App.--Austin February 7, 1996). The United States Supreme Court
has addressed the issue of whether forfeitures constitute punishment so as to bar prosecutions
growing out of the same offenses in three opinions since 1989. See Montana Dep't of Revenue
v. Kurth Ranch, 128 L. Ed. 2d 767 (1994); Austin v. United States, 509 U.S. , 125 L. Ed. 488
(1993); Halper, 490 U.S. 435 (1989). We reviewed these opinions in Arnold and will not
elongate this opinion by again revisiting them. In a different Arnold opinion cited by appellant
in his supplemental brief, a Houston Court of Appeals found the rationales used in opinions
addressing this issue are difficult to reconcile. See Arnold v. State, No. 01-95-00633-CR, slip op.
at 25 (Tex. App.--Houston [1st Dist.] January 18, 1996, no pet. h.). We agree. Appellant cites
us to language in the body of the Houston Arnold opinion that tends to support his position. 
However, the court in that case held that the driver's license suspension did not bar prosecution
for DWI, relying on Halper's rationale that the Double Jeopardy Clause is applicable in the "rare"
case where the sanction imposed is "overwhelmingly disproportionate to the damages . . . caused"
and bears no rational relation to the goal of compensating the government for its loss. See Arnold,
No. 01-95-00633-CR, slip op. at 23 (citing Halper, 490 U.S. at 449).

 In our Arnold opinion, we found a bright line distinction between the cases where
the government attempted to forfeit property or raise revenue and those cases where the State
attempts to suspend a driver's license. Texas courts have long held that a license to drive an
automobile on the streets is not property nor a constitutionally protected right, but rather a
privilege subject to reasonable regulations in the interest of the welfare and safety of the public. 
See Raitano v. Texas Dep't of Pub. Safety, 860 S.W.2d 549, 551 (Tex. App.--Houston [1st Dist.]
1993, pet. denied); Coyle v. State, 775 S.W.2d 843, 846 (Tex. App.--Dallas 1989, no pet.). The
revocation of a driver's license is not intended as punishment but is designed solely for the
protection of the public in the use of the highways. Davidson v. State, 313 S.W.2d 883, 886
(Tex. Crim. App. 1958) (opinion on rehearing). While many of the cases construing the rights
and interests possessed by licenses predated Halper, we would be remiss if we did not look to
them for guidance.

 The Supreme Court noted in Austin that forfeiture has been historically understood
as punishing the owner of the forfeited property. Austin, 125 L. Ed. at 503; see Ex parte Ariza,
No. 03-95-00216-CR, slip op. at 15 (Tex. App.--Astin November 18, 1995, no pet. h.). 
Accordingly, we adhere to our holding in Arnold that the holder of a driver's license possesses
a privilege rather than an interest in property and that its suspension serves the remedial purpose
of protecting public safety by quickly removing drivers from the road. Ex parte Arnold, No. 03-95-00520-CR, slip op. at 7-8; see State v. Strong, 605 A.2d 510, 513 (Vt. 1992). Accordingly,
we hold that the suspension of appellant's driver's license did not constitute punishment for the
same DWI offense under the Double Jeopardy Clause.

 The trial court's denial of habeas corpus relief is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices B. A. Smith and Davis*

Affirmed

Filed: February 28, 1996

Do Not Publish










* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).



7, 1996). The United States Supreme Court
has addressed the issue of whether forfeitures constitute punishment so as to bar prosecutions
growing out of the same offenses in three opinions since 1989. See Montana Dep't of Revenue
v. Kurth Ranch, 128 L. Ed. 2d 767 (1994); Austin v. United States, 509 U.S. , 125 L. Ed. 488
(1993); Halper, 490 U.S. 435 (1989). We reviewed these opinions in Arnold and will not
elongate this opinion by again revisiting them. In a different Arnold opinion cited by appellant
in his supplemental brief, a Houston Court of Appeals found the rationales used in opinions
addressing this issue are difficult to reconcile. See Arnold v. State, No. 01-95-00633-CR, slip op.
at 25 (Tex. App.--Houston [1st Dist.] January 18, 1996, no pet. h.). We agree. Appellant cites
us to language in the body of the Houston Arnold opinion that tends to support his position. 
However, the court in that case held that the driver's license suspension did not bar prosecution
for DWI, relying on Halper's rationale that the Double Jeopardy Clause is app