TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00532-CR







Kevin John Riley, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 432,338, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING







PER CURIAM


 The county court at law found appellant guilty of driving while intoxicated and
assessed punishment at incarceration for ninety days and a $1000 fine. Tex. Penal Code Ann. §
49.04 (West 1994 & Supp. 1996). (1) The court suspended imposition of sentence and placed
appellant on community supervision. In three points of error, appellant contends the court erred
by overruling his special plea of former jeopardy. Tex. Code Crim. Proc. Ann. art. 27.05 (West
1989). We will affirm.

 The facts were stipulated below. Appellant was arrested for driving while
intoxicated on January 31, 1995, and refused the arresting officer's request that he submit to a
breath test. On March 10, 1995, after the requisite notice and hearing, an administrative judge
found that probable cause existed to believe that appellant was driving while intoxicated and that
he refused to give a specimen of his breath. Accordingly, appellant's driver's license was
suspended for 90 days pursuant to the implied consent law. (2) Meanwhile, on March 3, 1995, the
information was filed in this cause accusing appellant of driving while intoxicated. The offense
for which appellant was convicted in this cause was the offense for which he was arrested on
January 31, 1995.

 Appellant contends his prosecution in this cause violated the constitutional and
statutory guarantees against double jeopardy. U.S. Const. amend. V; Tex. Const. art. I, § 14;
Tex. Code Crim. Proc. Ann. arts. 1.10 (West 1977), 28.13 (West 1989). Appellant's brief
contains no argument or authorities in support of his contention that the constitution and laws of
Texas were violated. Accordingly, points of error two and three are overruled. State v.
Gonzalez, 855 S.W.2d 692, 697 (Tex. Crim. App. 1993); Tex. R. App. P. 74(f). 

 The federal Double Jeopardy Clause protects an accused from multiple punishment
for the same offense. United States v. Halper, 490 U.S. 435, 440 (1989). In three opinions since
1989, the United States Supreme Court has addressed the issue of whether a forfeiture constitutes
punishment that bars prosecution growing out of the same offense. See Montana Dep't of Revenue
v. Kurth Ranch, 511 U.S. , 128 L. Ed. 2d 767 (1994); Austin v. United States, 509 U.S. ,
125 L. Ed. 2d 488 (1993); Halper, 490 U.S. 435. Invoking these opinions, appellant argues in
his first point of error that the suspension of his driver's license constituted punishment for driving
while intoxicated that barred prosecution in this cause.

 We recently reviewed the cited Supreme Court opinions and concluded that the
administrative suspension of a driver's license after failing a test for intoxication did not constitute
punishment within the meaning of the Double Jeopardy Clause and thus did not bar prosecution
for the same driving while intoxicated offense. Ex parte Arnold, 916 S.W.2d 640 (Tex.
App.--Austin 1996, pet. filed). (3) We found a bright line distinction between cases where the
government attempts to forfeit property or raise revenue and those cases where the State attempts
to suspend a driver's license. Id. at 642. Texas courts have long held that a license to drive an
automobile on the streets is neither property nor a constitutionally protected right, but rather a
privilege subject to reasonable regulations in the interest of the welfare and safety of the public. 
See Raitano v. Texas Dep't of Pub. Safety, 860 S.W.2d 549, 551 (Tex. App.--Houston [1st Dist.]
1993, writ denied); Coyle v. State, 775 S.W.2d 843, 846 (Tex. App.--Dallas 1989, no pet.). The
revocation of a driver's license is not intended as punishment but is designed solely for the
protection of the public in the use of the highways. Davidson v. State, 313 S.W.2d 883, 886
(Tex. Crim. App. 1958) (opinion on rehearing). While many of these cases construing the rights
and interests possessed by licensees predated Halper, we would be remiss if we did not look to
them for guidance.

 In addition to the Texas appellate opinions cited in Arnold, a more recent court of
appeals opinion reviewed a nationwide survey of decisions which have almost uniformly held that
an administrative license suspension does not prohibit a later prosecution for driving while
intoxicated. Helber v. State, 915 S.W.2d 955, 960-62 (Tex. App.--Houston [1st Dist.] 1996, no
pet. h.) We adhere to our ruling in Arnold that the holder of a driver's license possesses a
privilege rather than an interest in property and that its suspension serves the remedial purpose
of protecting public safety by quickly removing drivers from the road. Arnold, 916 S.W.2d at
643; see State v. Strong, 605 A.2d 510, 513 (Vt. 1992).

 Under the implied consent law, appellant's driver's license was suspended because
he refused to give a specimen of his breath for analysis to determine alcohol concentration
following his arrest for driving while intoxicated. The administrative judge did not find that
appellant drove a motor vehicle in a public place while intoxicated, but only that the arresting
officer had probable cause to believe that he did so. See former art. 6701l-5, § 2(f) (now Transp.
Code § 724.042). The State urges that because the implied consent law does not require proof
of intoxication and the driving while intoxicated statute does not require proof that a breath
specimen was refused, the latter is not the "same offense" as the former. See Blockburger v.
United States, 284 U.S. 299, 303-04 (1932). Because we determined in Arnold that the
administrative suspension of a driver's license is not punishment for double jeopardy purposes,
we need not address this argument. 

 We hold that appellant's prosecution for driving while intoxicated following the
suspension of his driver's license did not violate the Double Jeopardy Clause's guarantee against
multiple punishments for the same offense. Point of error one is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: June 26, 1996

Do Not Publish
1. The amendments to this section effective after the date of this offense are irrelevant to
the issue raised on appeal.
2. Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3523
(Tex. Rev. Civ. Stat. Ann. art. 6701l-5, since amended and codified at Tex. Transp. Code Ann.
ch. 724 (West 1996)).
3. See Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3516
(Tex. Rev. Civ. Stat. Ann. art. 6687b-1, since amended and codified at Tex. Transp. Code Ann.
ch. 524 (West 1996)). In Arnold, it was undisputed that the administrative license suspension and
the driving while intoxicated prosecution were the "same offense," and our opinion was premised
on that undisputed fact.



test for intoxication did not constitute
punishment within the meaning of the Double Jeopardy Clause and thus did not bar prosecution
for the same driving while intoxicated offense. Ex parte Arnold