**The CITY OF MESQUITE, Appellant,**

**v.**

**ALADDIN'S CASTLE, INC., Appellee.**

**No. 19257.**

Court of Civil Appeals of Texas, Dallas.

Oct. 14, 1977.

Rehearing Denied Nov. 3, 1977.

Elland Archer, City Atty., Mesquite, for appellant.

Thomas L. Case, Bickel & Case, Dallas, for appellee.

ROBERTSON, Justice.

Aladdin's Castle, Inc. sued the City of Mesquite, Texas, seeking a mandatory injunction to compel the issuance of a license for the operation of a coin-operated amusement establishment pursuant to a city ordinance. The trial court vacated the City Council's denial of the application and issued a mandatory injunction to compel the city secretary to issue the license. We affirm.

The initial issue on this appeal is whether the portion of the ordinance upon which the Council rested its decision is unconstitutionally vague. If we decide that the provision is unconstitutional, we must then determine whether an injunction was proper under the facts of this case.

### The Constitutional Question

■ Ordinance number 1103 of the City of Mesquite prohibits the operation of coin-operated amusement establishments without a license. When Aladdin's Castle applied for such a license, its application was refused on the recommendation of the police department. According to the pleadings and testimony below, the refusal was based upon the following provision of the ordinance:

The Chief of Police shall make his investigation of the applicant's character and conduct as a law abiding person and shall consider past operations, if any, convictions of felonies and crimes involving moral turpitude and *connections with criminal elements*, taking into consideration the attraction by such establishments of those of tender years. [Emphasis added]

Since the record is silent regarding any past operations or convictions, the Council's sole basis of refusal was the alleged "connections with criminal elements." In its judg-

ment, the trial court held that this provision was so vague, general, and indefinite as to violate the constitutional guarantee of due process of law. We agree. In our opinion, this section does not provide an ascertainable standard of conduct upon which to base a licensing refusal.

The recognized test in cases involving vagueness of statutes is set forth in *Baggett v. Bullitt*, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964):

> A law forbidding or requiring conduct in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates due process of law.

*See also Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *Lone Star Gas Co. v. Kelly*, 140 Tex. 15, 165 S.W.2d 446 (1942); *Coffee City v. Thompson*, 535 S.W.2d 758, 762–63 (Tex. Civ.App.—Tyler 1976, writ ref'd n.r.e.). Implicit in this constitutional safeguard is the premise that laws must have an understandable meaning and that they must set legal standards which are capable of application. It is established that a law fails to meet the standards of due process if it is so vague and standardless as to leave a governing body free to decide, without any legally fixed guidelines, what is prohibited in each particular case. *Grayned v. City of Rockford*, 408 U.S. 104, 108–09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *see also Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Coates v. City of Cincinnati*, 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971); *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969); *Giaccio v. State of Pennsylvania*, 382 U.S. 399, 402–03, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966); *cf. Baggett v. Bullitt*, *supra* (statute which prohibited government employment of "subversive persons" held unconstitutionally vague); *Cramp v. Board of Public Instruction of Orange County, Florida*, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961) (statute forbidding employment of "subversive persons" as teachers held unconstitutionally vague); *Lanzetta v. State of New Jersey*, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939) (statute making it unlawful to become a "gangster" held unconstitutionally vague, inasmuch as it allowed convictions of persons "known to be a member" of a gang); *Sanders v. State Dept. of Public Welfare*, 472 S.W.2d 179, 182 (Tex.Civ.App.—Corpus Christi 1971, writ dism'd) (regulation precluding welfare payments on the basis of debts owed to "relative" held unconstitutionally vague).

In the present case, the ordinance allows refusal of a license on the basis of an applicant's "connections with criminal elements." There is no guideline on the interpretation of who might be a "criminal element," or what type of relationship is meant by "connections." The term "connections" could embrace spouses, children, and other persons with whom the applicant might have a wholly innocent and lawful relationship, and the term "criminal elements" could conceivably encompass any entity ever involved in criminal behavior of any degree. As the ordinance now stands, it confers unbridled discretion upon the Council to deny licensing without regard to any legally ascertainable standards. Such an investiture has long been recognized as unconstitutional. *Shuttlesworth v. City of Birmingham, supra*; *Staub v. City of Baxley*, 355 U.S. 313, 78 S.Ct. 277, 2 L.Ed.2d 302 (1958); *Saia v. People of State of New York*, 334 U.S. 558, 68 S.Ct. 1148, 92 L.Ed. 1574 (1948); *Schneider v. State of New Jersey*, 308 U.S. 147, 163–64, 60 S.Ct. 146, 84 L.Ed. 155 (1939); *Yick Wo v. Hopkins*, 118 U.S. 356 (1885). Although the City urges that it will not construe the ordinance in an unconstitutional manner, such a consideration is irrelevant to the constitutional issue of its susceptibility to such a construction. As Justice White stated in *Baggett v. Bullitt, supra*, 377 U.S., at 373, 84 S.Ct., at 1323: "Well-intentioned prosecutors and judicial safeguards do not neutralize the vice of a vague law."

While it is true that we must generally adopt a construction which upholds the constitutionality of a statute, *State v. Shoppers World, Inc.*, 380 S.W.2d 107 (Tex.1964), the present provision does not manifest any de-

gree of specificity from which we may derive a constitutional construction. *See Sanders v. State Dept. of Public Welfare, supra,* at 182. The ordinance does not define "connections with criminal elements," and the evidence does not show that this phrase has a peculiar or technical meaning as applied to some trade or science. *Cf. Lloyd A. Fry Roofing Co. v. State,* 541 S.W.2d 639 (Tex.Civ.App.—Dallas 1976, no writ) (statute upheld where the act stated that the undefined term, which was attacked as unconstitutionally vague, would have the meaning commonly ascribed to it in the field of air pollution control).

Accordingly, we hold that the portion of ordinance 1103 of the City of Mesquite which allows denial of a license based upon the applicant's "connections with criminal elements" is unconstitutionally vague. Since we conclude that this provision is separable from the rest of the ordinance, we isolate the invalid portion and preserve the constitutional remainder of the ordinance. *Sharber v. Florence,* 131 Tex. 341, 115 S.W.2d 604 (1938); *City of Taylor v. Taylor Bedding Mfg. Co.,* 215 S.W.2d 215 (Tex.Civ.App.—Austin 1948, writ ref'd). Thus, our holding here does not preclude denial of a license upon any other ground specified in the ordinance, provided of course, that such a denial is based upon substantial evidence.

### The Mandatory Injunction

The City next argues that even if this portion of the ordinance is unconstitutional, the trial court erred in granting a mandatory injunction to compel issuance of the license. We do not agree. To the extent that this order compels the City public officials to perform an act, its appropriateness is governed by the rules which apply to mandamus, *Salgo v. Matthews,* 497 S.W.2d 620, 625 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.), and the sole question is whether the facts conclusively show that the Council has a clear duty to approve the license and the city secretary to issue it. *Jessen Associates, Inc. v. Bullock,* 531 S.W.2d 593 (Tex.1975); *Turner v. Pruitt,* 161 Tex. 532, 342 S.W.2d 422 (1961).

The record of this case reveals that the City bases its denial of the license solely on the unconstitutional portion of the ordinance. There is no indication that other sections of the ordinance were considered, and we cannot say that this record supports a refusal based upon other portions of the ordinance. In the absence of evidence showing other grounds for refusal, we hold that the trial court correctly granted mandatory relief.

Affirmed.