ACCEPTED
04-14-00781-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/2/2015 5:06:25 PM
KEITH HOTTLE
CLERK

CASE NO. 04-14-00781-CV

IN THE COURT OF APPEALS
FOR THE FOURTH JUDICIAL CIRCUIT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/2/2015 5:06:25 PM
KEITH E. HOTTLE
Clerk

## CITY OF SHAVANO PARK

Appellant

VS.

## ARD MOR, INC.; TEXAS ARDMOR PROPERTIES, LP; AND TEXAS ARDMOR MANAGEMENT, LLC

Appellees

## APPELLANT'S REPLY BRIEF

PATRICK C. BERNAL
ELIZABETH M. PROVENCIO
DENTON NAVARRO ROCHA BERNAL HYDE & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:  (210) 227-3243
Facsimile:   (210) 225-4481
COUNSEL FOR APPELLANT
CITY OF SHAVANO PARK

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF COUNSEL

*Appellant/Trial Court Defendant*:

City of Shavano Park

*Counsel:*

Patrick C. Bernal
Elizabeth M. Provencio
Denton Navarro Rocha Bernal Hyde & Zech
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone: (210) 227-3243
Facsimile: (210) 225-4481
patrick.bernal@rampage-sa.com
elizabeth.provencio@rampage-sa.com

*Appellees/Trial Court Plaintiffs:*
ARD MOR, Inc.
Texas ARDMOR Properties, LP
Texas ARDMOR Management, LLC

*Counsel:*

Jay K. Farwell
Karen L. Landinger
Cokinos Bosien & Young
10999 West IH10, Suite 800
San Antonio, Texas 78230
Telephone: (210) 699-1900
Facsimile: (210) 293-8733
Email: jfarwell@cbylaw.com
Email: klandinger@cbylaw.com

*Co-Counsel:*

David L. Earl
EARL & ASSOCIATES, P.C.
Pyramid Building
601 NW Loop 410, Suite 390
San Antonio, Texas 78216
Telephone: (210) 222-1500
Facsimile: (210) 222-9100
Email: dearl@earl-law.com

# TABLE OF CONTENTS

IDENTITY OF COUNSEL ................................................................................. ii

TABLE OF CONTENTS................................................................................. iii

TABLE OF AUTHORITIES ............................................................................ iv

INTRODUCTION ..........................................................................................1

ARGUMENT & AUTHORITIES ......................................................................1

    A.    Alleged violation of the third party covenants cause the harm
           Appellees' seek to prevent. ...............................................................1

    B.    The City has not applied any City ordinance. ...............................3

    C.    Standing fails for Appellees' "void contract zoning" theory.  The
           claim further fails as no zoning action occurred and the City is not
           bound to pass any zoning under the Development Agreement....................5

    D.    The UDJA fails to confer jurisdiction in this case. ...................10

    E.    Dismissal is proper. .......................................................................12

CONCLUSION.................................................................................................12

PRAYER ...........................................................................................................13

CERTIFICATE OF SERVICE .........................................................................14

CERTIFICATE OF COMPLIANCE..................................................................15

# TABLE OF AUTHORITIES

*2800 La Frontera No. 1A, LTD v. City of Round Rock*,
   No. 03-08-00790-CV, 2010 WL 143418
   (Tex. App.—Austin Jan. 12, 2010, no pet.) ................................................. 9

*City of Dallas v. Tex. EZPAWN, L.P.* No. 05-12-01269-CV,
   2013 WL 1320513 (Tex. App.—Dallas Apr. 1, 2013, no pet.) (mem. op.) . 11

*City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009) .............................. 11

*City of McKinney v. Hank's Restaurant Group, L.P.*, 412 S.W.3d 102
   (Tex. App.—Dallas 2013, no pet.) ............................................................. 11

*City of Mesquite v. Aladdin's Castle, Inc.*, 559 S.W.2d 92
   (Tex. Civ. App.—Dallas 1977) ..................................................................... 4

*City of Antonio v. Summerglen Property Owners Association, Inc.*,
   185 S.W.3d 74 (Tex. App.—San Antonio 2005, pet. denied) ..................... 11

*Lindig v. City of Johnson City*, No. 03-11-00660-CV, 2012 WL 5834855
   (Tex. App.—Austin Nov. 14, 2012, no pet.) (mem. op.) ............................. 4

*Noell v. City of Carrollton*, 431 S.W.3d 682
   (Tex. App.—Dallas 2014, pet. denied) ....................................................... 4

*Super Wash Inc. v. City of White Settlement*, 131 S.W.3d 249
   (Tex. App.—Fort Worth 2004, judgment rev'd in part on
   other grounds, 198 S.W.3d 770 (Tex. 2006) ............................................... 8

*Texas Department of Transportation v. Sefzik*,
   355 S.W.3d 618 (Tex. 2011) (per curiam) ................................................. 11

*Texas Lottery Commission v. First State Bank of DeQueen*,
   325 S.W.3d 628 (Tex. 2010) ..................................................................... 10

**Statutes**

Tex. Civ. Prac. & Rem. Code Ann. § 37.006 (West 1985) .............................. 6

Tex. Loc. Gov't Code Ann. § 43.002 (West 2008) ............................................. 8

Tex. Loc. Gov't Code Ann. § 43.028 (West 2008) ............................................. 11

Tex. Loc. Gov't Code Ann. § 211.003 (West 2003) ........................................... 5

Tex. Local Gov't Code Ann. § 211.009 (West 2008) ......................................... 4

Tex. Local Gov't Code Ann. § 211.010 (West 1997) ......................................... 4

Tex. Local Gov't Code Ann. § 211.011 (West 2008) ......................................... 4

Tex. Local Gov't Code Ann. § 212.003 (West 2003) ......................................... 5

Tex. Loc. Gov't Code Ann. § 212.172 (West 2011) ........................................... 7

**Other Authorities**

The City of Shavano Park Ordinance No. 0-2014-014....................................... 6

# I.
# INTRODUCTION

The covenants determine the rights between Lockhill and Appellees ARD MOR impacting Lockhill's plan to build its gas station. The City is not a party to those covenants. Appellees cannot point to any City action causing harm because Lockhill's rights vested before annexation. As a result, without a separate basis for jurisdiction as part of Appellees' declaratory judgment against the City, the City remains immune from Appellees' declaratory judgment suit.

# II.
# ARGUMENT & AUTHORITIES

## A. Alleged violation of the third party covenants cause the harm Appellees' seek to prevent.

Appellees complain of Lockhill's actions that Appellees perceive to violate the covenants—any attempt to blame the City does not create an action against the City. As to the City or the County, Lockhill's rights to build its gas station vested in 2013—prior to any 2014 Development Agreement or 2014 annexation. At issue here is whether the covenants entered between third parties, Appellees and Lockhill, affect Lockhill's right to build its gas station.

While Appellees and Lockhill, along with other property owners, independently chose to include standards in their covenants tied to evolving City ordinances, their choice fails to confer standing to sue the City, a non-party to the covenants. CR V1 70 attached at App. 3, attaching Covenants p.4 para. 4(a)

1

(promising permitted uses to include the maximum extent by applicable zoning laws or other Governmental Regulations); para. 4(b) (promising prohibited uses to include any use prohibited by applicable zoning laws or other Governmental Regulations); p. 8 para.6 (promising compliance with applicable Government Regulations and promising most stringent application between covenants and Government Regulations). Appellees cite no authority to support standing where third parties tie their covenants to an evolving city ordinance.

The Temporary Injunction relief granted by the Trial Court emphasizes that the covenants constitute the only issue in this suit because no injunctive relief exists as to the City: "[T]he Court finds and concludes that plaintiffs will probably prevail against Defendant Lockhill Ventures, LLC on the merits of this cause. . . . More specifically, among other assertions, Plaintiffs allege that Defendant Lockhill Ventures, LLC's planned development violates sections 4(b) and 4(b)(ii) of the Declarations of Covenant. . . . The evidence presented shows that Defendant Lockhill Ventures, LLC's proposed development of the Property will not comply with the Declaration of Protective Covenants because the planned development includes uses that are expressly prohibited." (CR 141 p. 1, 142 p. 2 para 2, p. 2 para. 4). The temporary injunction enumerates the development activities from which Lockhill must refrain and no injunctive relief exists as to the City. (CR 143).

The harm articulated by Appellees in their brief, as evidenced by the injunctive relief requested and awarded, stems from third parties' disagreement regarding the effect of their respective covenants. Tying covenants to a city ordinance, which may change over time, only means that the court may construe the ordinances to which the covenant refers to as to those parties. Appellees state that the construction of the Ordinance in effect at the time of the hearing on the temporary injunction must include the City as "failure to join Shavano could result in inconsistent application of the ordinances in future proceedings" then focusing their brief on the application of "convenience store" under Table No. 4; however, the City has not applied Table 4 and no present controversy exists regarding City application of Table 4. Brief of Appellees, p.18.

## B. The City has not applied any City ordinance.

No attempt to replead will cure the omission of Table 4 as the City has not applied Table 4. Appellees compelled testimony from City Manager Hill and production of City records in the Trial Court to determine the meaning of Table 4 because the third party covenants referred to City Ordinances—not because the City applied Table 4. Further, to state that Appellees now seek to rule Table 4 unconstitutional is, first, a new theory; and second, still a failure to confer jurisdiction as Appellees fail to possess standing. The authorities cited by Appellees regarding ambiguities contained in ordinances only apply if the City

3

applied the ordinance to Appellees. *City of Mesquite v. Aladdin's Castle, Inc.*, 559 S.W.2d 92, 94 (Tex. Civ. App.—Dallas 1977) (where city applied ordinance governing coin-operated amusement establishment and city denied license for operation); *Noell v. City of Carrollton*, 431 S.W.3d 682, 698-99 (Tex. App.—Dallas 2014, pet. denied) (where city applied airport regulation ordinance and ordered the airport closed unless violations were abated within thirty days); *Lindig v. City of Johnson City*, No. 03-11-00660-CV, 2012 WL 5834855, at *5 (Tex. App.—Austin Nov. 14, 2012, no pet.) (mem. op.) (city applied its building ordinance to require a fee that landowners failed to pay whereupon the city issued a stop work order). As a result, any attempt to rely on references by City Manager Hill to ambiguity is of no consequence.

In the future, once a potential application is made for permitting under Table 4 then in effect, and, if a landowner subject to its application were to disagree with the City's application at that point, the statute provides an appeal process administratively to a board of adjustment. Texas Local Gov't. Code Ann. § 211.009 (West 2008) (outlining authority of board of adjustment to hear and decide on allegations of error in a zoning determination by an administrative official); Tex. Local Gov't Code Ann. § 211.010 (West 1997) (outlining process for appeal to board of adjustment). If, after that point, disagreement exists, the statute provides for an appeal to a court. Tex. Local Gov't Code Ann. § 211.011 (West

4

2008) ("Any of the following persons may present to a district court, county court, or county court at law a verified petition stating that the decision of the board of adjustment is illegal in whole or in part and specifying the grounds of the illegality[.]").  No application of an ordinance by the City has occurred; as a result, this dispute fails to be proper or ripe.

**C.      Standing fails for Appellees' "void contract zoning" theory.  The claim further fails as no zoning action occurred and the City is not bound to pass any zoning under the Development Agreement.**

Standing further fails for any alleged "illegal contract zoning" and the resulting annexation ordinance.  The harm Appellees complain of stems from the dispute about whether the covenants stop Lockhill's ability to proceed with the gas station, not as to the Development Agreement because, as to the City, Lockhill's rights vested in 2013 prior to any 2014 Development Agreement.  To suggest that the Development Agreement grants "unfettered right to build a gas station" fails to acknowledge Lockhill's rights prior to the agreement which effectively allowed it to proceed with a gas station unencumbered by City regulation.  Tex. Local Gov't Code Ann. § 212.003(a)(1) (West 2003); *see generally*, Tex. Local Gov't Code Ann. §§ 211.003 *et. seq.* (West 2003).

Even if we assumed for argument that injury may be traced to the Development Agreement, no cause of action exists here or waiver of immunity for

5

"contract zoning."[1]  First, no zoning action occurred; therefore, no contract "zoning" occurred.  RR V2 59:23-60:6 (Manager Hill testifying "A.  No, I didn't say that.  It could be zoned as a planned unit development.  That's gonna to have to go – that is a separate action that will come up through the planning and zoning commission as they consider what particular zoning designation to provide for them. . . ."); RR V2 70:2-72:1 (Q. "Now, under that agreement, Mr. Hill, does it state anything about the zoning category that would be applied for – excuse me – applied for by the applicants? A. No." "Q. Have you had discussions about what zoning category they would apply for when they asked for permanent zoning? A. No. In response to your specific question I've had discussions with them on what zoning category the retail space would be used for.  It's attached to the C-store." Then continuing testimony about the process with planning and zoning); RR V2 73:24-74:10 (PUD zoning requiring public hearing, written notice, publication); RR V2 75:1-7 ("Q. You couldn't know – possibly know what the City Council would do, would you, until they acted on it?  Wouldn't it be a violation if you had knowledge of that beforehand?  A.  No. You put it on the agenda.  And if they approve it, they approve it; if they disapprove it, then they disapprove it.").

---

[1] ARD MOR only challenged Ordinance No. 0-2014-014 the annexation Ordinance and the only potential basis for the application of section 37.006(b) of the Civil Practice and Remedies Code. No ordinance exists related to the approval of the Development Agreement.

Second, and an independent bar to Appellees' zoning theory, Section 212.172 of the Texas Local Government Code provides nine different options as authority to contract with a landowner in a city's extraterritorial jurisdiction which also provide the ability to regulate land use it would not otherwise have. Tex. Local Gov't Code Ann. § 212.172 (b)(1)-(9) (West 2011). That includes authorizing "enforcement by the municipality of land use and development regulations other than those that apply within the municipality's boundaries, as may be agreed to by the landowner and the municipality." *Id.* at § 212.172 (b)(4). The City proceeded within the statutory authority provided for a development agreement. CR V1 243-250 attached at Appendix Tab 2 attaching Development and Annexation Agreement between the City of Shavano Park and Lockhill Ventures, LLC.

Here, the City entered the Development Agreement for annexation; otherwise, the City has no method of regulating Lockhill's land. Upon annexation, it is undisputed that the temporary zoning category applicable to Lockhill's land is A-2, residential use. RR V2 17:1-11; RR V3 31:5-11; RR V5 CX-2. As a result, the Development Agreement entered in July 2014 did not have the effect of changing Lockhill's zoning refuting any assertion the Development Agreement constituted a zoning action.

7

Further, the City *is not bound* to zone.  The Development Agreement provides for the event if the City's zoning process prohibits Lockhill's use:  "In the event City Council action places the Property in a zoning district or classification that prohibits the uses proposed by this Agreement, the Parties agree that the Owner at its election may 1) terminate this agreement or 2) pursuant to the Texas Local Government Code Section 43.002 and to the extent reasonably necessary, retain the right to develop and use the Property for the purposes authorized under this Agreement." (emphasis added).  CR V1 245 attached at Appendix Tab 2, p. 3, para. 4.06; *Super Wash Inc. v. City of White Settlement*,[2] 131 S.W.3d 249, 254 (Tex. App.—Fort Worth 2004, judgment rev'd in part on other grounds, 198 S.W.3d 770 (Tex. 2006) (stating "*Contract zoning* is a bilateral agreement where the city binds itself to rezone land in return for the landowner's promise to use or not use his property in a certain manner.") (emphasis in original).

In other words, as to the City and without considering Lockhill's restrictions *vis-a-vis* third parties, Lockhill's vested rights in 2013 allowed them to develop the lot with a gas station.  By entering the Development Agreement in 2014, Lockhill

---

[2] Further *Super Wash Inc.* fails to demonstrate standing as it involved the city's application of an ordinance to a property owner who obtained a permit from the city to build a car wash, then to be told it had to include a fence and remove a curb cut and driveway. *Super Wash Inc. v. City of White Settlement*, 131 S.W.3d 249, 254 (Tex. App.—Fort Worth 2004, judgment rev'd in part on other grounds, 198 S.W.3d 770 (Tex. 2006).  There the property owner possessed standing because the city applied the ordinance as to the property owner's property and the property owner argued that the fence requirement constituted contract zoning. *Id.* at 257.

sought to proceed with a convenience store with gasoline and other sales, as well as retail or office space subject to the rezoning process. CR 244 attached at Appendix Tab 2, p. 2, para. 2.13. Should the City fail to zone to allow for those uses, under paragraph 4.06, Lockhill may terminate its agreement and still develop its property to be a gas station acknowledging its prior vested rights. RR V3 p. 32:8-13. Outside of any relationship with the City, Lockhill will need to determine if it is prohibited by its third party restrictive covenants. Again, it is the alleged violation of third party covenants producing the harm about which ARD MOR complains.

Even where there is an agreement to a process under a development agreement, a city may not be bound to that process or the proposed zoning envisioned by parties to that agreement. *See, e.g., 2800 La Frontera No. 1A, LTD v. City of Round Rock*, No. 03-08-00790-CV, 2010 WL 143418, *2 (Tex. App.—Austin Jan. 12, 2010, no pet.). In *La Frontera*, the property owners bound by the development agreement sued the city under various theories asserting that the city failed to follow the process envisioned by the development agreement for development and zoning. *Id.* at *2. The court found that, even though the development agreement required consent from all property owners, that provision was unenforceable and not a basis for relief for property owners' parties to the development agreement. *Id.* The court did not invalidate the development

9

agreement.  Here, no party to the development agreement is complaining.  Here, no such consent provision exists, and even if it did, it would not be enforceable and would not invalidate the development agreement.

Only a separate obligation through the third party covenants may bar the gas station.  The violation of the covenants produce the harm of which ARD MOR complains, and is the subject of the injunction.

## D.    The UDJA fails to confer jurisdiction in this case.

The *Texas Lottery Commission* decision also fails to demonstrate jurisdiction exists in this declaratory action against the City as no City action occurred here causing harm.  In *Texas Lottery Commission v. First State Bank of DeQueen*, 325 S.W.3d 628 (Tex. 2010), jurisdiction existed in a declaratory action suit where the Lottery Commission interpreted and applied its anti-assignment statute to avoid paying the lottery proceeds to the assignee:  "FSB DeQueen notified the Lottery Commission of the assignment and filed an application in Travis County to register the Arkansas judgment approving the arrangement. (citation omitted).   The Commission advised FSB DeQueen and Irvan that it did not recognize the validity of the Arkansas judgment and it intended to make the final prize payments to Irvan." *Id.* at 632.  In the *Texas Lottery Commission* case, the government did not challenge standing as a jurisdictional bar to the suit presumably because it applied the statute at issue to the plaintiff.  Here, the City challenges the Appellees'

10

standing because the City has not applied any ordinance and Appellees show no harm attributable to any action by the City.

Courts have determined that a declaratory action suit to declare claimant's statutory rights or an interpretation of an ordinance fails to waive jurisdiction under the UDJA. *City of McKinney v. Hank's Restaurant Group, L.P.*, 412 S.W.3d 102, 112 (Tex. App.—Dallas 2013, no pet.) (citing *City of Dallas v. Tex. EZPAWN, L.P.* No. 05-12-01269-CV, 2013 WL 1320513, at *2-3 (Tex. App.—Dallas Apr. 1, 2013, no pet.) (mem. op.) and *Texas Department of Transportation v. Sefzik*, 355 S.W.3d 618 (Tex. 2011) (per curiam)). It does waive immunity for claims that a statute or ordinance is invalid. *Id.* (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n. 6 (Tex. 2009)). However, it must be a proper claim. Here, proper notice and proper annexation occurred under section 43.028 of the Texas Local Government Code and the Texas Constitution. Tex. Loc. Gov't Code Ann. § 43.028 (West 2008). As a result, Appellees' fails to possess standing and challenge of the validity of an annexation statute fails to be a proper claim to waive immunity. *City of Antonio v. Summerglen Property Owners Association, Inc.*, 185 S.W.3d 74, 83-90 (Tex. App.—San Antonio 2005, pet. denied) (claims for declaratory relief to challenge annexation failed for want of jurisdiction as plaintiffs failed to possess standing).

**E.    Dismissal is proper.**

Without emphasizing Appellees' inaccurate representation of the record, the trial court set and heard the jurisdictional challenges on appeal now. CR V1 339 (fiat setting for Plea to the Jurisdiction and Supplemental Plea for September 19, 2014); RR Supp. V5 5-7 (Court's consideration of the City's Plea to the Jurisdiction and Supplement to Its Plea to the Jurisdiction); CR V4 137 (Order Denying Plea to the Jurisdiction reflecting consideration of testimony and evidence). Further, Appellees pled three times (CR V1 1-86 Original Petition; CR V1 209-327 First Amended Original Petition; CR V2 1-121 Second Amended Original Petition) and subpoenaed City records and the City Manager for the record on the jurisdictional facts at hand (CR V1 184-86 attaching subpoena for William Hill with subpoena duces tecum); as a result, dismissal of the City is appropriate, not remand. With no proper waiver of the City's immunity, the City's taxpayers should not be at risk in a declaratory judgment action for attorney's fees for third party disputes that tied their covenants to City Ordinances.

### III.
### CONCLUSION

Appellees failed to invoke the Court's jurisdiction over the City because (1) they neither plead nor prove any harm attributable to the City and Appellant's brief and Reply brief demonstrate how the absence of harm by the City defeats standing as to the City; (2) arguing an ordinance is ambiguous when the City has not applied

12

the ordinance fails to waive the City's immunity as it the claim is neither ripe nor proper; and (3) an action under the Declaratory Judgment Act to construe an ordinance does not waive jurisdiction. After three pleading attempts and discovery and evidence developed, the proper remedy is dismissal, not remand.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Appellant City of Shavano Park prays this Court reverse the Trial Court's denial of Appellant's Plea to the Jurisdiction and First Supplemental Plea to the Jurisdiction; render dismissal of Appellees' causes of action against the City for lack of subject matter jurisdiction, award the City its costs and award such further relief, in law and in equity, to which the Appellant may show itself justly entitled.

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL HYDE & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone: (210) 227-3243
Facsimile: (210) 225-4481
patrick.bernal@rampage-sa.com
elizabeth.provencio@rampage-sa.com

By: /s/ Elizabeth M. Provencio
PATRICK C. BERNAL
State Bar No. 02208750
ELIZABETH M. PROVENCIO
State Bar No. 24025600
ATTORNEYS FOR APPELLANT
CITY OF SHAVANO PARK

13

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individual(s) as indicated, and according to the Texas Rules of Civil Procedure on this the 2nd day of March, 2015.

CMRRR#9171 9690 0935 0067 1638 68
Jay K. Farwell
Karen L. Landinger
Cokinos Bosien & Young
10999 West IH-10, Suite 800
San Antonio, Texas 78230
jfarwell@cbylaw.com
klandinger@cbylaw.com
*Counsel for Plaintiffs*

CMRRR#9171 9690 0935 0067 1639 12
David L. Earl
Attorney at Law
Pyramid Building
601 NW Loop 410, Suite 390
San Antonio, Texas 78216
dearl@earl-law.com
*Co-Counsel for Plaintiffs*

CMRRR#9171 9690 0935 0067 1638 51
Luke H. Beshara
Pulman Cappuccio Pullen
  Benson & Jones, LLP
2161 NW Military, Suite 400
San Antonio, Texas 78213
lbeshara@pulmanlaw.com
*Counsel for Defendant,
Lockhill Ventures*

CMRRR#9171 9690 0935 0067 1638 44
John C. Chunn
Attorney At Law
P.O. Box 396
Hondo, Texas 78861
john@johnchunnlaw.com
*Counsel for Defendant,
Lockhill Ventures*

/s/ Elizabeth M. Provencio
PATRICK C. BERNAL
ELIZABETH M. PROVENCIO

14

## CERTIFICATE OF COMPLIANCE

In compliance with Tex. R. App. P. 9.4(i)(3), this is to certify that the Appellant City's Reply Brief contains 2,972 words, which does not include the caption, table of contents, index of authorities, statement of issues presented, signature, proof of service, certificate of compliance, and appendix.


/s/ Elizabeth M. Provencio
ELIZABETH M. PROVENCIO



ARD MOR, INC., et al. v. Shavano Park (44940)\Appeal\Pleadings\Drafts\Appellant Reply Brief 2015 0302.doc