ACCEPTED
08-18-00005-CV
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
5/22/2018 4:52 PM
DENISE PACHECO
CLERK

No. 08-18-00005-CV

## In the Court of Appeals for the

## Eighth District of Texas

## El Paso, Texas

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
5/22/2018 4:52:14 PM
DENISE PACHECO
Clerk

**********************************************

## Caples Land Company, L.L.C.,

Appellant,

vs.

## The City of El Paso, Texas and
## Its Building and Standards Commission,

Appellees.

**********************************************

Appealed from the 327th Judicial District Court
El Paso County, Texas

**********************************************

## Appellant's Brief

**********************************************

**Carlos Eduardo Cárdenas**
Texas Bar No. 03787700
717 E. San Antonio, 3rd Floor
El Paso, TX 79901
Tel. No. (915) 544-7860
Fax No. (915) 532-4768
Email: cecardenaslaw@gmail.com
Attorney for Appellant

i

**No. 08-18-00005-CV**

**In the Court of Appeals for the**

**Eighth District of Texas**

**El Paso, Texas**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**Caples Land Company, L.L.C.,**

Appellant,

vs.

**The City of El Paso, Texas and
Its Building and Standards Commission,**

Appellees.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Appealed from the 327th Judicial District Court
El Paso County, Texas

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**IDENTITY OF THE PARTIES**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

In order that members of this Court may determine disqualification or recusal under Rule 38.1(a) of the Texas Rules of Appellate Procedure, Appellant certifies that the following is a complete list of the parties, attorneys, and other persons with a financial interest in the outcome of this lawsuit:

# IDENTITY OF PARTIES AND COUNSEL (Cont.)

**Linda Chew**
Trial Court Judge, 327th Judicial District Court
500 E. San Antonio, El Paso, Texas 79901

**Caples Land Company, L.L.C.**
Appellant

**Joseph D. Vasquez**
Trial Counsel for Caples Land Company, L.L.C.
310 N. Mesa St., Suite 710, El Paso, Texas 79901

**Carlos Eduardo Cardenas**
Trial Counsel and Appellate Counsel for Caples Land Company, L.L.C.
717 E. San Antonio, 3rd Floor, El Paso, Texas 79901

**The City of El Paso, Texas and Its Building and Standards Commission**
Appellee

**Sergio Estrada**
Trial Counsel and Appellate Counsel for Appellee
P.O. Box 1890
El Paso, Texas  79950-1890

# Table of Contents

**Page**

IDENTITY OF PARTIES AND COUNSEL ........ ii-iii

TABLE OF CONTENTS ........ iv

INDEX OF AUTHORITIES ........ v-vi

STATEMENT OF THE CASE ........ 2

STATEMENT OF FACTS ........ 3

SUMMARY OF ARGUMENT ........ 5

POINT OF ERROR NUMBER ONE ........ 6

POINT OF ERROR NUMBER TWO ........ 10

POINT OF ERROR NUMBER THREE ........ 14

PRAYER FOR RELIEF ........ 19

CERTIFICATE OF COMPLIANCE ........ 20

CERTIFICATE OF SERVICE ........ 20

# INDEX OF AUTHORITIES

**Page**

*Federal Cases*

*Grayned v. City of Rockford,*                                                   12
    408 U.S. 104, 108-09, 92 S.Ct. 2294, 33 L.Ed. 2d 222 (1972).

*State of Washington v. Roberge,*                                                7
    278 U.S. 116, 121, 49 S.Ct. 50, 73 L.Ed. 210 (1928).

*State Cases*

*Basse Truck Line, Inc. v. Tex. Natural Res. Conservation Comm'n,*               18
    2003 Tex. App. LEXIS 5941 (Tex.App. – Austin, 2003)

*City of Dallas v. Stewart,*                                                     11
    361 S.W.3d 562 (Tex.App.—Dallas, 2012)

*City of Mesquite v. Aladdin's Castle, Inc.,*                                    11
    559 S.W.2d 92, 94 (Tex.Civ.App.—Dallas 1977)
    writ ref'd n.r.e. by 570 S.W.2d 377 (Tex. 1978)(per curiam)

*City of Webster v. Signed, Inc.,*                                               11
    682 S.W.2d 644, 646 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.)

*Comm'n for Lawyer Discipline v. Benton,*                                        11
    980 S.W.2d 425, 437 (Tex. 1998)

*Isuani v. Manske-Sheffield Radiology Group, P.A.,*                              6
    802 S.W.2d 235, 236 (Tex. 1991)

*Mayhew v. Town of Sunnyvale,*                                                   18
    964 S.W.2d 922, 935, 41 Tex. Sup. Ct. J. 517 (Tex. 1998)

*Murphy v. McDaniel,*                                                            6
    20 S.W.3d 873 (Tex.App.—Dallas, 2001)

*Pennington v. Singleton,*                                                       11
    606 S.W.2d 682, 689 (Tex. 1980)

*Save Our Springs Alliance, Inc. v. Austin Indep. Sch. Dist.,*     6
     973 S.W.2d  378, 384 (Tex. App. – Austin 1998, no writ)

*Smith v. City of League City,*     7
     338 S.W.3d 114, 127 (Tex.App. – Houston [14th Dist.] 2011, no pet.)

*Tex.Liquor Control Bd. V. Attic Club, Inc.,*     11
     457 S.W.2d 41, 45 (Tex. 1970)

*Tex. Workers' Comp. Comm'n. v. Patient Advocates of Tex.,*     7
     136 S.W.3d 643, 658 (Tex. 2004)

### State Statutes

Tex.Civ.Prac.& Rem. Code Ann §41.001(5)(West 2015)     18

Tex.Civ.Prac.& Rem. Code §41.002(c )(West 2008)     18

Tex.Civ.Prac.& Rem. Code §41.004(a)(West 2008)     18

Tex.Civ.Prac.& Rem. Code Ann. §41.008 (West Supp. 2014)     19

Texas Local Government Code §214.001(h)-(k) (West 2008)     10, 16

No. 08-18-00005-CV

In the Court of Appeals for the

Eighth District of Texas

El Paso, Texas

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Caples Land Company, L.L.C.,**

Appellant,

vs.

**The City of El Paso, Texas and
Its Building and Standards Commission,**

Appellees.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Appealed from the 327th Judicial District Court
El Paso County, Texas

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Appellant's Brief**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**To the Court of Appeals:**

Caples Land Company, L.L.C., Appellant in this cause, would respectfully show the following in support of its request for reversal of the Final Judgment granted against it.

1

For clarity, Caples Land Company, L.L.C. will be referred to as the Appellant and The City of El Paso, Texas and Its Buildings and Standards Commission will be referred to as the Appellee.

## STATEMENT OF THE CASE

Caples Land Company, L.L.C. is the owner of the property located at 105 N. Oregon, El Paso, Texas, commonly known as the "American Furniture Building." In 2010, the American Furniture Building became the subject of City of El Paso, Texas' Building and Standards Commissions' (hereinafter "BSC") enforcement actions. Disputes arose between the building owner and the representatives of the Building and Standards Commission regarding the extent of the needed repairs as well as the extent of the compliance by the building's owner. Caples Land Company, L.L.C. obtained a temporary restraining order to enjoin the BSC meeting where the unwarranted fines were to be assessed. The City appealed the TRO to the 8th Court of Appeals and up to the Texas Supreme Court. The case was remanded and the BSC proceeded to convene in 2016 and assess the largest fine in Texas history ($2.1 Million) against a building owner. Caples Land Company, L.L.C. sought judicial review of the fine, which was reduced, but still remains an extraordinary fine at $1.2 Million by the district court. Caples Land Company, L.L.C. submits that the award by the trial court is in

2

violation of the Appellant's constitutional rights and is capricious and arbitrary without regard to guiding principles of law.

## STATEMENT OF FACTS

The instant case is an appeal of a building and standards commission order and fine. Plaintiff was previously granted an injunction by the Honorable 327th Judicial District Court on August 27, 2010, after a March 31, 2010 Building and Standards Commission (hereinafter may be referred to as "BSC") hearing resulted in an Order (CR-295-298) with its findings that were to be addressed in a subsequent hearing. (115-162) The injunction was to enjoin the City's Building and Standards Commission from convening for a Compliance hearing on the property located at 105 N. Oregon. (CR-164-165) The City appealed and, on January 23, 2013 the 8th Court of Appeals reversed this Court's injunctive action. (CR-239-256) Appellant then appealed to the Texas Supreme Court which denied Appellant's Petition for Review on September 20, 2013. (CR-204-237) In accordance with the 8th Court of Appeal's Opinion, the case was remanded to the trial court for further proceedings under cause number 2010-1970 (CR-239-256), until it was disposed of by a default granting of the City's Motion for Summary Judgment on November 19, 2015.

3

On May 5, 2016, armed with the 8th Court of Appeals Opinion, the City of El Paso's Building and Standards Commission assessed a civil penalty of $2,158,000.00, with interest ($1,000.00 per day for 2,158 days). (CR-180-188) Upon receiving notice of the Defendant's order and fine, Appellant timely filed its Application for Writ of Certiorari with the district court. (CR-10-19)

In the course of the instant proceeding, the Court announced her intention to postpone determinations as to 1) the standard for review: substantial evidence or *de novo* and 2) the necessity for the issuance of the Writ of Certiorari. (RR-3:9-13; 17:5-9) The Court ordered the parties to mediation. (RR-17:18-20) As the mediation deadline approached, Mr. Sergio Estrada, the Assistant City Attorney, requested an extension of the mediation deadline, counsel for Petitioner agreed to the same, and the Court agreed to extend the mediation deadline. At a conference on or about September 25, 2017, Appellant's then counsel, Joseph D. Vasquez, expressed to the Court his recent discovery of a potential conflict of interest that had arisen between counsel and a principal of the Caples Land Company, L.L.C. and requested an extension of the mediation deadline so that Appellant could secure other counsel. (CR-335) Instead, it appears the

4

Court made a ruling without argument nor submissions from the parties as to the two issues previously identified as *material* to her decision making.

The Court issued a letter order on September 26, 2017 requesting that the "attorney for the City shall calculate the amount of the fine pursuant to this order and prepare a judgment in accordance with the Court's ruling." Said ruling reduced the fine against Appellant from $1,000.00 per day to $500.00 per day. (CR-337-338)

## SUMMARY OF THE ARGUMENT

### POINT OF ERROR NUMBER ONE

The trial court erred in assessing fines prior to November 20, 2015, the date all appeals were decided and the case and the injunction were finally disposed of.

### POINT OF ERROR NUMBER TWO

The trial court erred in applying a substantial evidence standard when constitutional issues and an extraordinary fine were assessed against Appellant in part by reliance on the Vacant Building Ordinance, a vague, invalid law that was discriminatorily applied.

### POINT OF ERROR NUMBER THREE

The trial court erred in abandoning all guiding principles and granting a capricious and arbitrary award that was factually and legally insufficient.

## ARGUMENT

**POINT OF ERROR NUMBER ONE**

**The trial court erred in assessing fines prior to November 20, 2015, the date all appeals were decided and the case and the injunction were finally disposed of.**

A.    *THE FINE IS EXCESSIVE*

    1.    <u>Unfairly Penalizes Appellant while Appeals are Being Foreclosed</u>

Although the injunction was granted in 2010, the foreclosure of all appeals (including the Texas Supreme Court) did not occur until September 20, 2013, making final the 8th Court of Appeal's decision, "We reverse the order granting the temporary injunction and remand the cause for further proceedings consistent with this opinion." "We are of the opinion that, absent changed circumstances, a determination of the parties' claims should serve as the basis for dissolution of a temporary injunction only upon final adjudication. At that time, the temporary injunction becomes moot. *See Isuani v. Manske-Sheffield Radiology Group, P.A.,* <u>802 S.W.2d 235, 236 (Tex.1991)</u>; *Save Our Springs Alliance, Inc. v. Austin Indep. Sch. Dist.,* <u>973 S.W.2d 378, 384</u> (Tex. App.-Austin 1998, no writ)." *Murphy v. McDaniel,* 20 S.W.3d 873 (Tex.App.—Dallas, 2001).

6

Appellant submits that the penalty should not be assessed until the injunction dissolved or became moot. The Judgment in this case assesses a penalty for a period of 2,158 days from March 31, 2010 to May 5, 2016. Even calculating the penalty reduction from $1,000.00 per day to $500.00 contained in this Court's letter order, the fine of $1,079,000.00 is substantially greater than it should have been. Appellant submits the trial court erred in assessing fines prior to November 20, 2015, after all appeals were decided and the case and the injunction were finally disposed as until that time the injunction was in place.

2. Appellant's Due Process was Violated

a. *Appellant was denied fair notice and an opportunity to participate in the Compliance hearing.* A deprivation of property without due process violates the Texas Constitution. *Tex. Workers' Comp. Comm'n. v. Patient Advocates of Tex.,* 136 S.W.3d 643, 658 (Tex. 2004); see also *Smith v. City of League City,* 338 S.W.3d 114, 127 (Tex.App. – Houston [14th Dist.] 2011, no pet.). But a city may not, under the guise of the police power, arbitrarily interfere with private property or impose unusual or unnecessary regulations on it. See *State of Washington v. Roberge,* 278 U.S. 116, 121, 49 S.Ct. 50, 73 L.Ed. 210 (1928).

During this time, representatives for the Caples Land Company, L.L.C. were working with a representative for the City, Laura Foster, City Architect. Communications were exchanged between Ms. Foster and Caples Land Company representatives including, but not limited to William D. Abraham and Juliann Smith telephonically as well as via email. In her emails, Ms. Foster advised that the meeting was to simply amend the City's Building and Standards Commission Order. For example, Ms. Foster's April 8, 2016 email to William Abraham and Juliann Smith states in pertinent part, "I am required to take it back through public hearing process to adjust the 2010 orders. It will be very much a compliance report and there has been progress, so that will be made public. There will not be any surprises for you in my report/recommendations nor do you need to be there." (CR167-175) Further, Ms. Foster gave an interview to Robert Gray of El Paso, Inc. dated April 4, 2016, wherein he reports ". . . the imprisoned businessman complied, taking steps to secure the building and remove possible safety hazards after a protracted legal battled, according to city of El Paso architect Laura Foster." He goes on to attribute statements from Ms. Foster regarding working bathrooms, fixed and removed wiring and clutter, a property manager hired, etc. The article further states, "'I've gone in and investigated, and there's movement,' Foster said. 'It's progress, not

8

perfection, but now we take the case back to the Building and Standards Commission.'" (CR-177-178) Despite being told that the hearing was a formality to adjust the Buildings and Standards Commission Order and that it was not necessary for the building owner to attend, on April 27, 2016, a full blown hearing was held with in excess of 43 exhibits and the largest fine in Texas history by a Building and Standards Commission was imposed. (CR-306-321) Appellant asserts it was denied its constitutional rights to notice and due process and as such the Judgment is illegal. Appellant submits that the trial court erred in conducting review of constitutional issues and takings under a substantial evidence standard, *de novo* review is mandated.

b. *Judgment Makes Findings Beyond the BSC Findings*

1. Appellant submits that the judgment signed by the Court against William D. Abraham (a.k.a. Billy Abraham) individually is unfounded as it is without substantial evidence to support the claims that "William D. Abraham" is the sole or main decision maker for all issues and matters concerning the Property." Further, any discussion or evidence which the Court and/or BSC based their findings were had in violation of Appellant and/or non-party William D. Abraham's (a.k.a. Billy Abraham) right to due process and/or fair notice.

2. The Judgment includes language to the effect that Appellant has 90 days to comply with the BSC order and 60 days to vacate the existing tenant. A review of the letter ruling dated September 25, 2017, (CR-337-338), fails to contain any language adopting deadlines nor does it ask the Assistant City Attorney to add such language. Appellant submits that these deadlines are legally insufficient pursuant to Texas Local Government Code §214.001(h)-(k) and are arbitrary and capricious by the City's own prior arguments to the Texas Supreme Court. (CR-204-237)

3. Appellant objected to the representations contained in Paragraph 3 of the Judgment that the Court "heard arguments of Counsel for both parties." This is the heart of Appellant's argument at section III herein, to wit: that Appellant was denied the opportunity for it's arguments to be heard.

4. Appellant objected to the representations contained in Paragraph 2 of the Judgment that the Court "issued a Writ of Certiorari directed at the Commission. . ." A review of the docket in this matter on El Paso County District Clerk's website does not reflect the issuance of a writ. (CR-340) Appellant was never notified of the issuance of a writ nor was it copied on the documents allegedly provided to the Court by the City in

response to the writ (despite assurances from the Assistant City Attorney that it would). Again, Appellant was denied due process and/or fair notice.

**POINT OF ERROR NUMBER TWO**

The trial court erred in applying a substantial evidence standard when constitutional issues and an extraordinary fine were assessed against Appellant in part by reliance on the Vacant Building Ordinance, a vague, invalid law that was discriminatorily applied.

In a takings context, a court may grant deference to findings of historical fact, but mixed questions of law and constitutionally relevant fact, like a nuisance determination, must be reviewed de novo. *City of Dallas v. Stewart,* 361 S.W.3d 562 (Tex.App.—Dallas, 2012). A statute or ordinance is unconstitutionally vague if the persons regulated by it are exposed to risk or detriment without fair warning or if it invites arbitrary and discriminatory enforcement by its lack of guidance to those charged with its enforcement. *See Comm'n for Lawyer Discipline v. Benton,* 980 S.W.2d 425, 437 (Tex. 1998); *Tex.Liquor Control Bd. V. Attic Club, Inc.,* 457 S.W.2d 41, 45 (Tex. 1970); *City of Webster v. Signed, Inc.,* 682 S.W.2d 644, 646 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Implicit in this constitutional safeguard is the idea that laws must have an understandable meaning and must provide legal standards that are capable of application. *City of Mesquite v. Aladdin's Castle, Inc.,* 559 S.W.2d 92, 94 (Tex.Civ.App.—Dallas 1977) writ ref'd n.r.e. by 570 S.W.2d 377 (Tex.

11

1978)(per curiam). Due process is violated and a law is invalid if persons of common intelligence are compelled to guess at a law's meaning and applicability. *Attic Club*, 457 S.W.2d at 45; *Pennington v. Singleton*, 606 S.W.2d 682, 689 (Tex. 1980); *Signed*, 682 S.W.2d at 646. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. *Grayned v. City of Rockford*, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 33 L.Ed. 2d 222 (1972).

In the April 11, 2016 El Paso, Inc. article, "City attacks unsafe buildings," (CR-195-196), it was reported that the "City Council passed its first vacant building ordinance in 2012 to address the problem of vacant, dangerous buildings in Downtown." Under the caption Unworkable, reporter Robert Gray states, "But the ordinance was unworkable in practice, and the Fire Department and city inspectors struggled to enforce it. Property owners said it was confusing and difficult to comply with." "In 2014, only 11 percent of vacant buildings in Downtown were in compliance with one of the ordinance's less painful provisions, which required owners to register their vacant buildings." Fire Marshall Ariola is quoted, "With the number of staff hours and time put into the whole process, that was a really low indicator that the ordinance was successful," and "Arriola said the American

Furniture building is shaping up to be another success story." Fire Marshall Arriola goes on to say that Vacant Building Ordinance is still being tweaked, certain provisions are no longer applied, that it conflicts with the Fire Code. And although, Arriola reported "The Fire Department proposed several revisions to the vacant building ordinance last year, which has been formalized in a draft ordinance. But it is still being tweaked." And "If passed by City Council, it would rescind the registration requirement as well as requirements to install fire sprinkler systems in vacant buildings . . . The Fire Department stopped applying those parts of the vacant building ordinance a year ago, and has focused on safeguarding buildings." Yet at the BSC hearing, Arriola presented slides showing a vacant, unsecured building and, among other things, noted that presented an exhibit showing that building's fire sprinkler systems were found to be non-working. (CR-306-321) And a review of the Agenda for the April 27, 2016 BSC meeting states, in pertinent part, "A request was made to move the presentation of the Vacant Building Ordinance before hearing the case of 105 N. Oregon." (CR-198) Appellant submits that its due process was violated by the reliance in the presentation of the Vacant Building Ordinance and the vague, invalid law was discriminatorily applied against it. Appellant asserts that due to the constitutional issues and the extraordinary fine assessed in part by

13

reliance on vague ordinance, that the trial court erred in applying a substantial evidence standard when a *de novo* review is proper.

## POINT OF ERROR NUMBER THREE

The trial court erred in abandoning all guiding principles and granting a capricious and arbitrary award that was factually and legally insufficient.

It is important to recognize that substantial evidence does exist of Appellant's good faith compliance and attempts to comply with the BSC Orders – see the emails and newspaper interviews of City representatives. (CR-167-175; CR-177-178;CR-190-196) Appellant reasserts that due to the confusion created by the communications of the City's representative Ms. Laura Foster regarding the actual scope of the proceeding to be conducted on April 29, 2016 and the need for Appellant's presence, it was denied fair notice and due process and is entitled to a *de novo* review. However, assuming *arguendo,* substantial evidence was before the Court of Appellant's compliance and good faith attempts at compliance by virtue of the evidence and testimony heard at the injunction hearing held before this Honorable Court on August 27, 2010. (CR-115-162) During this proceeding testimony was given by Plaintiff's representative, William D.

14

Abraham as well as Plaintiff's expert witness, Engineer Fermin Dorado. On page 6 of the its *Response to Petition for Review,* filed with the Texas Supreme Court, Case No. 13-0326 (CR-216), the City of El Paso cited to the Court Reporter's Record regarding the live testimony given by both William D. Abraham and Fermin Dorado that, "In regard to the above-listed repairs by the Commission, Petitioners attempted to comply with the specific items ordered, 'tried [their] best to cooperate and do whatever was feasible and identifiable,' and represented that 'Anything that was feasible that . . .didn't require hundreds of thousands of dollars to redo . . . [was] addressed.'" "In addition, Petitioner's purported engineering expert testified that as a result of their repairs, the deficiencies identified in the Commission's order were remedied." *Id. See footnotes 16-20 and 22-23 of the City's Response to Petition for Review.* Mr. Abraham clearly testified that the building owner has made the feasible repairs and Mr. Dorado testified that ". . . what Mr. Abraham has done was correct and compliant. And in – It is a safe building."

In the above referenced pleading at page 7 (CR-217), **the City adopts guidelines** that it represents to the Texas Supreme Court are material, but because of the injunction, the BSC was prevented from considering 1) whether the repairs allegedly made have brought the building

15

up to code or have made it safe (as Plaintiff's expert Mr. Dorado testified) or 2) whether grandfathering might apply to specific code requirements or 3) made any decision to revoke the building's certificate of occupancy or whether lesser measures might be warranted or 4) whether in light of alleged progress on the building, extension of the repairs deadline might be proper, as authorized by Tex.Loc.Gov't Code §214.001 (h) – (k)(providing timetable for repairs to substandard building and conditions under which additional time may be given by Commission). In footnote 24 (CR-217-218), the City represents that the "relevant agenda item for the enjoined hearing of July 28, 2010 does not mention revocation of the certificate of occupancy . . . Further, the City Inspector's only recommendations for the enjoined hearing were that a fine be assessed, that the order be filed, and that notice be given that continuing non-compliance might result in more severe penalties, not that the certificate of occupancy be revoked at that time."

The City correctly represented to the Texas Supreme Court at least four (4) different material issues that the Building and Standards Commission was enjoined from considering in a Compliance hearing as a result of the injunction granted in 2010. It argued that especially in light of the testimony presented by the building owner's representative and the building owner's expert witness these issues were significant to have been

16

considered. However, a review of the BSC Minutes for April 29, 2016, . (CR-306-321, clearly shows that unrestrained and given the opportunity, the Building and Standards Commission, in 2016, failed to adhere to any guidelines or consider those material issues and, instead issued a capricious and arbitrary order assessing an astronomical, illegal fine. Plaintiff submits that the 8th Court of Appeals reversed **only** as to the issuance of the injunction to enjoin the Compliance hearing. It did find, however, that "The dispute between the parties is ripe for review and the district court has subject matter jurisdiction. Even if the district court erred by granting the temporary injunction in the context of the appellate proceeding below, that error would not deprive the court of subject matter jurisdiction." *See the 8th Court of Appeals Opinion dated January 23, 2013 at page 8* (CR-246)

Appellant submits that the district court had subject matter jurisdiction and heard substantial evidence regarding Appellant's compliance and good faith attempted compliance. The BSC Minutes show that the BSC <u>did not adhere to their own guidelines nor consider the issues that it represented to the Texas Supreme Court were material</u> resulting in an order and fine that abandoned all guiding principles and which are capricious and arbitrary. Appellant submits that the trial court's ruling was factually and legally insufficient. In fact, the Judgment signed by the trial court is a Judgment

17

against the real estate and the building although the land is owned by a 200 N. Mesa LLC, a separate entity not involved in this case. (CR-326-327).

### 4. The Fine Exceeds the Value of the Building – Takings Case

#### a. *A Takings Case Mandates a De Novo Review*

In the instant case, event the reduced fine of $1,079,000.00 exceeds the value of the building which is valued by the Central Appraisal Board at $843,494.00. (CR-200-202) "A property owner deprived of all economically productive or beneficial use of his land may assert a claim for regulatory taking. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 935, 41 Tex. Sup. Ct. J. 517 (Tex. 1998). A restriction denies the owner all economically viable use of the property or totally destroys the value of the property if it renders the property without value. *Id.* To determine whether all economically viable use of a property is denied requires an analysis of whether any value remains in the property after the governmental action. *Id.*" *Basse Truck Line, Inc. v. Tex. Natural Res. Conservation Comm'n*, 2003 Tex. App. LEXIS 5941 (Tex.App. – Austin, 2003). Appellant submits that the City's action in assessing an excessive fine constitutes a takings case and the trial court erred in not conducting a *de novo* review.

### 5. Fine Exceeds Damage Cap of Chapter 41 Tex.Civ.Prac.& Rem. Code

Under Chapter 41, "exemplary damages" means "any damages awarded as a penalty or by way of punishment but not for compensatory purposes." Tex.Civ.Prac.& Rem. Code Ann §41.001(5)(West 2008) Chapter 41 requires proof of actual damages. *See* Tex.Civ.Prac.& Rem. Code §41.004(a). Chapter 41 prevails over all other law to the extent of any conflict. *See Id.* §41.002(c ). When Chapter 41 applies to a cause of action, it limits the amount of exemplary damages a claimant may recover. *See* Tex.Civ.Prac.& Rem. Code Ann. §41.008 (West Supp. 2014).

§41.008 (b) states in pertinent part:

> Exemplary damages awarded against a defendant may not exceed an amount equal to the greater of:
>
> (1)(A) two times the amount of economic damages; plus
> (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000.00; or
> (2) $200,000.

Appellant submits the trial court erred in failing to request the Writ of Certiorari which would have reflected in the record, Appellant's request for relief pursuant to Tex.Civ.Prac. & Rem. Code, Chapter 41.

19

## PRAYER FOR RELIEF

For the reasons stated above, Appellant prays that this court will amend, correct and/or modify the Judgment or, in the alternative, the cause will be remanded and reinstated on the trial docket, and for such other and further relief to which Plaintiff may be justly entitled.

## CERTIFICATE OF COMPLIANCE

I hereby certify that Appellant's brief is in compliance with the Texas Rules of Appellate Procedure. The word count is 3,927.

**Carlos Eduardo Cárdenas**
Attorney for Appellant

Respectfully submitted,

**Carlos Eduardo Cárdenas**
Texas Bar No. **03787700**
717 E. San Antonio, 3rd Floor
El Paso, TX 79901
Tel. No. (915) 544-7860
Fax No. (915) 532-4768
Attorney for Appellant

## Certificate of Service

The undersigned hereby certifies that on this the 17th day of May, 2018 a true and correct copy of the foregoing instrument was forwarded to all parties as follows:

Sergio Estrada, Assistant City Attorney
P.O. Box 1890
El Paso, Texas 79950-1890
Fax: (915) 212-0034
Email: EstradaSM@elpasotexas.gov

_____
**Carlos Eduardo Cárdenas**

**Eighth District of Texas**

**El Paso, Texas**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**Caples Land Company, L.L.C.,**

Appellant,

vs.

**The City of El Paso, Texas and
Its Building and Standards Commission**,

Appellees.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Appealed from the 327th Judicial District Court
El Paso County, Texas

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**Appellant's Appendix**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

El Paso County - 327th District Court

Filed 10/19/2017 5:09 PM
Norma Favela Barceleau
District Clerk
El Paso County
2016DCV2118

IN THE DISTRICT COURT OF EL PASO, TEXAS
327th JUDICIAL DISTRICT

| | | |
|---|---|---|
| CAPLES LAND COMPANY, LLC | § | Doc# 20170086984 |
| | § | |
| Plaintiff/Petitioner, | § | |
| | § | |
| vs. | § | Cause No. 2016DCV2118 |
| | § | |
| THE CITY OF EL PASO, TEXAS and | § | |
| its Building and Standards Commission | § | |
| | § | |
| Defendant/Respondent. | § | |

## FINAL JUDGMENT

The property made the subject of this Final Judgment is located at 105 N. Oregon, El Paso, Texas, 79901, and is commonly known as the American Furniture Building ("Property"), and which is more particularly described as follows: **Legal Description: A part of Lots 32 and 33, Block 6, as shown on the map or plat of the town of El Paso, Made by Anson Mills in El Paso County, Texas, described by metes and bounds hereto and made a part thereof.**

On May 5, 2016, after notice and hearing, the Building and Standards Commission of the City of El Paso adopted an Order ("Commission's Order") regarding the Property. On June 3, 2016, Caples Land Company, LLC, also known as Caples Land Company, L.L.C., filed a Petition for Judicial Review and Writ of Certiorari. This Court granted the Petition for Judicial Review, and issued a Writ of Certiorari directed at the Commission to review its decision and the grounds relied upon.

Upon consideration of the pleadings presented in this case, the Commission's administrative hearing records, including the transcripts, memorandums, orders, and having heard the arguments of counsel for both parties, the Court finds good cause to enter this Final Judgment and affirm the Commission's Order as legal, enforceable, and final, except as to the

16-1005-1333/723384/Final Judgment

amount of the civil penalty assessed. The daily civil penalty amount is modified from $1,000.00 per day to $500.00 per day; this is the only modification ordered by the Court to the Commission's Order.

The Court further finds that the Property is owned by Caples Land Company, LLC, and that William D. Abraham (a.k.a. Billy Abraham) is the managing partner and registered agent of Caples Land Company, LLC, and that William D. Abraham is the sole or main decision-maker for all issues and matters concerning the Property.

**It Is Therefore ORDERED, ADJUDGED, and DECREED** that the Commission's Order of May 5, 2016 regarding the Property, which is located at 105 N. Oregon Street, El Paso, Texas, 79901, is legal, enforceable, and final, except as modified below by this Final Judgment.

**It Is Further ORDERED, ADJUGED, and DECREED**, that the City of El Paso, Texas, shall have and recover civil penalties from Caples Land Company, LLC, in the total amount of **$1,242,486.15**, which includes prejudgment interest through the signing of this Final Judgment. Interest shall continue to accrue on this Final Judgment at a rate of 10% per year until paid.

**It Is Further ORDERED, ADJUDGED, and DECREED**, that the City of El Paso, Texas have and recover all writs and processes necessary to carry out and enforce the relief granted by this Final Judgment, including Writs of Executions. Notwithstanding any other language in this document, the City of El Paso is expressly not compromising, settling, or releasing any claims for taxes, liens, penalties, fines, fees, or the like, if any, that are or become due and owing.

16-1005-1333/723384/Final Judgment



**It Is Further ORDERED, ADJUDGED, and DECREED,** that the City of El Paso, Texas may file this Final Judgment in the real property records of El Paso County, Texas, and that the City of El Paso, Texas may perfect a lien against the Property.

**It Is Further ORDERED, ADJUDGED, and DECREED,** that pursuant to Section 54.040, of the Texas Local Government Code, abstracts of judgment are hereby ordered against Caples Land Company, LLC, and also against William D. Abraham.

**It Is Further ORDERED, ADJUDGED, and DECREED,** that Caples Land Company, LLC, and William D. Abraham, shall provide notice of this Final Judgment to any subsequent holder, successor in interest, purchaser, or owner, and inform such subsequent holder, successor in interest, purchaser, or owner that they will be bound by the terms and conditions of this Final Judgment.

**It Is Further ORDERED, ADJUDGED, and DECREED,** that nothing in this Final Judgment shall prohibit the City of El Paso from continuing to perform its governmental functions with regards to the Property, including, but not limited, to code enforcement actions. The City of El Paso, Texas may also continue to assess fines and pursue civil penalties for violations not covered by this Final Judgment.

**It Is Further ORDERED, ADJUDGED, and DECREED,** that Caples Land Company, LLC, and William D. Abraham, must comply with the Commission's Order within 90 days of the signing of this Final Judgment, and must vacate the property of all current tenants within 60 days of the signing of this Final Judgment. Caples Land Company, LLC, and William D. Abraham, shall cause to be delivered a copy of this Final Judgment to all current tenants of the Property without delay. The City of El Paso may also deliver a copy of this Final Judgment to all current tenants of the Property.

16-1005-1333/723384/Final Judgment

**It Is Further ORDERED, ADJUDGED, and DECREED,** that this Final Judgment resolves all challenges to the Commission's Order. Thus, all relief not granted herein is denied.

SIGNED on ___Oct. 18___, 2017

_____
Judge Presiding

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____ Deputy

NOV 2 1 2017



16-1005-1333/723384/Final Judgment





Doc# 20170086984
#Pages 4   #NFPages 1
  11/21/2017 10:59:02 A'
Filed & Recorded in
Official Records of
El Paso County
Delia Briones
County Clerk
Fees $38.00

I hereby certify that this instrument was filed on the date and time stamped hereon by me and was duly recorded by document number in the Official Public Records of Real Property in El Paso County.



EL PASO COUNTY, TEXAS

El Paso County - 327th District Court

Filed 3/21/2018 4:13 PM
Norma Favela Barceleau
District Clerk
El Paso County
2016DCV2118

IN THE DISTRICT COURT OF EL PASO, TEXAS
327TH JUDICIAL DISTRICT

CAPLES LAND COMPANY, L.L.C. §
                                             §
        Plaintiff/Petitioner,                §
                                             §
vs.                                          §        Cause No. 2016DCV2118
                                             §
THE CITY OF EL PASO, TEXAS and               §
Its Building and Standards Commission,       §
                                             §
        Defendant/Respondent.                §

## JUDGMENT NUNC PRO TUNC

The property made the subject of this Final Judgment is located at 105 N. Oregon, El

Paso, Texas, 79901, and is commonly known as the American Furniture Building ("Property"),

and which is more particularly described as follows: **Legal Description:**

> **6 MILLS 112 FT ON OREGON X 120 FT ON E SAN ANTONIO (94,080 SQ FT**
> of Improvements only, land is not included) Also known as; The southerly 112'
> of the Easterly 120' of Block 6, Mills Addition City of El Paso, Texas Also known
> as; *Improvements upon a* part of Lots 32 and 33, Block 6, as shown on the map or
> plat of the town of El Paso, made by Anson Mills in El Paso County, Texas, described
> by metes and bounds as follows:
>
> **BEGINNING** at a point where the North line of East San Antonio Avenue
> intersects the West line of North Oregon Street; **THENCE** in a Northerly
> direction along the West line of North Oregon Street 112 feet; **THENCE** at right
> angles in a Westerly direction 120 feet to the East line of alley running through
> said Block; **THENCE** at right angles in a Southerly direction and along the East
> line of said alley 112 feet to the North line of East San Antonio Avenue; **THENCE**
> in an Easterly direction along the North line of East San Antonio Avenue 120 feet
> to the West line of North Oregon Street, and the **PLACE OF BEGINNING.** The
> said property is municipally known and numbered as 105 N. Oregon, El Paso,
> Texas.

On May 5, 2016, after notice and hearing, the Building and Standards Commission of the

City of El Paso adopted an Order ("Commission's Order") regarding the Property. On June 3,

2016, Caples Land Company, LLC, also known as Caples Land Company, L.L.C., filed a Petition

for Review and Writ of Certiorari. This Court granted the Petition for Judicial Review, and

It is Further ORDERED, ADJUDGED, and DECREED, that pursuant to Section 54.040, of the Texas Local Government Code, abstracts of judgment are hereby ordered against Caples Land Company, LLC.

It is Further ORDERED, ADJUDGED, and DECREED, that Caples Land Company, LLC, shall provide notice of this Final Judgment to any subsequent holder, successor in interest, purchaser, or owner, and inform such subsequent holder, successor in interest, purchaser, or owner that they will be bound by the terms and conditions of this Final Judgment.

It is Further ORDERED, ADJUDGED, and DECREED, that nothing in this Final Judgment shall prohibit the City of El Paso from continuing to perform its governmental functions with regards to the Property, including, but not limited, to code enforcement actions. The City of El paso, Texas may also continue to assess fines and pursue civil penalties for violations not covered by this Final Judgment.

It is Further ORDERED, ADJUDGED, and DECREED, that Caples Land Company, LLC, must comply with the Commission's Order within 90 days of the signing of this Final Judgment, and must vacate the property of all current tenants within 60 days of the signing of this Final Judgment. Caples Land Company, LLLC, shall cause to be delivered a copy of this Final Judgment to all current tenants of the Property without delay. The City of El Paso may also deliver a copy of this Final Judgment to all current tenants of the Property.

It is Further ORDERED, ADJUDGED, and DECREED, that this Final Judgment resolves all challenges to the Commission's Order. Thus, all relief not granted herein is denied.

SIGNED on this 21 day of March 2018.

JUDGE LINDA CHEW
327th Judicial District Court